OPINION OF THE COURT
James F. Niehoff, J.
This is a motion by the plaintiff Barbara Myers for a protective order striking the first set of interrogatories served upon her by the defendant Arthur Myers.
The interrogatories were served in connection with the defendant’s application to modify the parties’ divorce judgment. That application as well as the plaintiff’s cross motion came on before the Honorable Howard E. Levitt who determined that a hearing was necessary on a number of issues including alimony, child support, counsel fees and the disposition of the parties’ former marital residence.
The plaintiff seeks to strike the interrogatories on the grounds (1) that there is no statutory authority for the use of interrogatories and (2) that the interrogatories are unnecessarily burdensome and oppressive.
Section 236 (part A, subd 2) of the Domestic Relations Law and section 236 (part B, subd 4) of the Domestic Relations Law (formerly Domestic Relations Law, § 250) provide for compulsory financial disclosure “[i]n all matrimonial actions and proceedings in which alimony, maintenance or support is in issue”. In Garrel v Garrel (59 AD2d 885, 886) the Appellate Division, Second Depart *554 ment, unanimously concluded that former section 250 of the Domestic Relations Law required full and fair financial disclosure in matrimonial matters “not limited to the official form affidavit, but including any appropriate disclosure device of CPLR article 31”. Recently, the availability of CPLR article 31 disclosure devices to section 236 (part B, subd 4) of the Domestic Relations Law has been upheld with respect to a demand for production of documents pursuant to CPLR 3111 (Roussos v Roussos, 106 Misc 2d 583; Breidbart v Breidbart, NYLJ, March 10, 1981, p 13, col 2). Indeed, considering the complex and comprehensive financial disclosure which will be needed in order to properly prepare “equitable distribution” cases, it would seem to this court that interrogatories constitute a particularly valuable tool which should be utilized by practitioners. In the court’s opinion the use of interrogatories should likewise be available for use by a party to obtain full and fair financial disclosure from an adverse spouse and that statutory authority does exist for the use of interrogatories in this postjudgment proceeding.
The final thrust of the plaintiff’s attack on the interrogatories propounded by the defendant is to the effect that they are overbroad and, hence, unduly burdensome and oppressive. Although such charge is made the plaintiff does not set forth objections to any particular questions in the defendant’s first set of interrogatories. In any event, the court has reviewed the questions propounded and is of the view that they are both material and relevant to the issues set down for hearing by Mr. Justice Levitt and that answering them will not unduly burden the plaintiff. The sole objectionable interrogatory is Item No. 69 which seeks the disclosure of the names, addresses of any expert witness and copies of the reports of any proposed expert witnesses. That request is shielded from discovery under CPLR 3101 (subd [d]) and should be deleted. (See Uzcategui v Minnesota Min. & Mfg. Co., 65 AD2d 543.) The court notes also that there are two interrogatories bearing the number 19. Thus, it is the decision of the court that the plaintiff’s motion for a protective order striking the defendant’s first set of interrogatories be granted only to the extent that Item No. 69 is deleted therefrom.