■ LINDA V. HATZ, Respondent, v HENRY HATZ, Appellant. — Appeal from an order of the Family Court of Rensselaer County (Dixon, J.), entered December 3, 1982, which dismissed respondent's petition requesting that he be awarded primary physical custody of the parties' infant daughter. Joint custody of the parties' infant daughter, Lakee, had been awarded, pursuant to agreement, by order of the Family Court dated June 9, 1980. The child's principal residence was to be with the mother. In September of 1981, Lakee's mother was involved in a motor vehicle accident in which she sustained permanent injuries resulting in paraplegia. During the approximately six months in which the mother was hospitalized, Lakee resided with her father. Lakee has since resumed residence with her mother. This appeal arises from the father's second petition for modification of the custody order; the petition is premised on the concept that by reason of the mother's paraplegia, a substantial change in circumstances has occurred and, hence, the father should now be adjudged primary custodial parent. The sole criterion when questions of custody are confronted is the best interest of the child (Domestic Relations Law, §§ 70, 240; *Matter of Lincoln v Lincoln,* 24 NY2d 270). This standard necessarily encompasses a myriad of factors: psychological, economic, social and familial. The thrust of the father's appeal is that the Family Court erred in placing too much emphasis on the mother's progress in coping with her handicap and thus myopically considered the relevant issue to be whether a substantial change of circumstances warranted a change in custody, instead of viewing the totality of circumstances in determining what was in Lakee's best interest. Examination of the record reveals that testimony concerning many different aspects of Lakee's life was indeed considered. Testimony concerning her academic performance, social responses and activities, economic provision and personal desires was presented. Although Family Court did focus on the effect of the mother's physical disability on her capacity to remain primary custodial parent in its decision, this was obviously because this was the principal ground underlying the father's petition. Other allegations in the petition were clearly refuted by the evidence developed at the hearing. It is also noteworthy that the very same Family Court Judge had previously reviewed the issue of Lakee's custody; as a consequence, it is quite understandable that he should center his discussion on the most important change that has occurred since he last determined this issue. In custody cases, it is an accustomed appellate course that the determination of the nisi prius court be afforded broad respect (*Eschbach v Eschbach,* 56 NY2d 167, 173). Moreover, though well aware that an extraordinary change of circumstances is unnecessary to warrant a change in custody (*Friederwitzer v Friederwitzer,* 55 NY2d 89), nevertheless, based on this record in which the mother's actual and potential physical capabilities were explored (she is adjusting well to her handicap) and the adverse and harmful impact upon the parties' seven-year-old child if physical custody was altered was appraised by medical and related professionals, our assessment of the circumstances in their totality leads us to also conclude that it is in Lakee's best interests, at this point in time, to remain with her mother. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.