■ MICHAEL BASCH, Appellant, v LORI BASCH, Respondent.— In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Miller, J.), dated July 13, 1984, as awarded the defendant wife the sum of $300 per week as temporary maintenance, $200 per week for temporary child support, and $4,000 as an interim counsel fee.

Order affirmed, insofar as appealed from, with costs.

The most effective remedy for an inequity in an award of maintenance and child support pendente lite is a speedy trial where the disputed issues as to financial capacity and standard of living can be determined (Perelman v Perelman, 110 AD2d 629). We note that the defendant husband's net earnings as president of a wholesale jewelry firm cannot be ascertained from the record. The affidavits of both parties lack probative value as to the earnings of the husband, but the record before the court indicates that his income is in excess of that alleged by him.

Special Term was not required to consider all of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) with respect to an application for temporary maintenance; the consideration of said factors is discretionary with the court *(Stern v Stern,* 106 AD2d 631). An award of pendente lite maintenance is appropriate where a party has demonstrated that there is an immediate need for support because there is insufficient property and income to provide for his or her reasonable needs (Domestic Relations Law § 236 [B] [6] [a]), and it does not appear that the trial of the action is imminent *(see, Stern v Stern, supra).* Special Term did not abuse its discretion in awarding counsel fees, because there was no demonstration that the wife had sufficient funds or income to pay for her own counsel *(Ackerman v Ackerman,* 96 AD2d 543). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.