■ NANCY FLACH, Appellant-Respondent, v WILLIAM FLACH, Respondent-Appellant.—In an action for divorce, (1) the defendant husband appeals from (a) an order of the Supreme Court, Nassau County (Harwood, J.), dated September 21, 1984, which awarded the wife $3,000 for attorney's fees and costs for the purpose of prosecuting an appeal from a prior order, and (b) so much of an order of the same court (Harwood, J.), dated September 27, 1984, as awarded the wife $12,500 for attorney's fees, pendente lite and (2) the plaintiff wife appeals, (a) as limited by her notice of appeal and brief, from so much of an order of the same court (Levitt, J.), dated January 24, 1984, as denied her motion for an order directing her husband's employer to answer interrogatories pursuant to CPLR 3130 (2), and (b) from an order of the same court (Harwood, J.), dated July 12, 1984, which denied her motion for an order authorizing discovery of a pension evaluation report prepared by her husband's expert.

Orders dated July 12, 1984 and September 21, 1984 affirmed, and orders dated January 24, 1984 and September 27, 1984 affirmed, insofar as appealed from, without costs or disbursements.

Despite an earlier order in this action which deferred an award of attorney's fees until trial, Special Term properly awarded the wife pendente lite relief upon subsequent motions in light of the wife's financial need, the parties' financial disparity, and the then protracted nature of the proceedings (see, Maretea v Maratea, 103 AD2d 799; Ahern v Ahern, 94 AD2d 53; Hinden v Hinden, 122 Misc 2d 552; Lehman v Lehman, 117 Misc 2d 719). Although testimonial or other trial evidence should be taken before a final award of counsel fees is fixed, there was no need to conduct a full evidentiary hearing before making an interim award because of Special Term's complete familiarity with the facts and circumstances of the case through numerous prior motions (see, Sadofsky v

*Sadofsky,* 78 AD2d 520; *Matter of Hatz v Hatz,* 116 Misc 2d 490, *affd* 97 AD2d 629).

Special Term properly denied the wife's motion for an order authorizing discovery of the pension evaluation report prepared by the husband's expert, as that report was immune from discovery pursuant to CPLR 3101 (d), and it was not shown that its contents could not be duplicated by the wife's own actuary *(see, Myers v Myers,* 108 Misc 2d 553). Nor was she entitled to an order, at the time her motion was made, permitting her to serve interrogatories upon her husband's employer pursuant to CPLR 3130 (2), since it appeared that the financial information she sought was also within her husband's control *(see, Kaye v Kaye,* 102 AD2d 682, 690-691). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.