■ BARBARA PURPURA, Appellant, v NICHOLAS PURPURA, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, on the ground of inadequacy, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 14, 1985, as, upon her motion for temporary maintenance and child support, awarded her pendente lite maintenance of $1,400 per month and child support of $600 per month, and directed the defendant husband to continue to pay the taxes, water and insurance expenses for the marital home, and the school and medical expenses for the parties' children.

Ordered that the order is modified, on the law and the facts, by increasing the award of maintenance pendente lite from $1,400 per month to $2,000 per month and the award of child support pendente lite from $600 per month to $1,200 per month. As so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The parties were married in 1967 and separated in October 1983. There are two minor children (a son and daughter) of the marriage. Although the defendant husband asserts that the daughter has now come to live with him, it is manifest that by agreement the plaintiff wife is the primary custodian and the parent with whom the children have been residing. The plaintiff is a housewife and a high school graduate who had never been required to take gainful employment. The defendant is a stockbroker and a general partner of a brokerage firm, which at the time of the subject motion had elected to "go public".

At the time the parties separated in October 1983, they entered into a written memorandum agreement, stating in pertinent part: "I, Nicholas Purpura, hereby agree to pay Barbara Purpura the sum of $3,200 per month for life, plus all mortgages, taxes and insurance on her residence at 5 Longfellow Avenue. I also agree to pay all school and medical fees incurred and pertaining to our children."

Although the defendant conclusorily claims that the agreement had been "forced upon him", he honored it in performance for the next 19 months. He paid the plaintiff the specified $3,200 monthly maintenance payments and children's expenses until he began halving the $3,200 monthly payments to $1,600 in May 1985. The record strongly supports the plaintiff's contention that his principal reason for reducing those payments was dissatisfaction at being unable to work out a matrimonial settlement with the plaintiff. His halving of

the agreed-upon monthly support payments immediately preceded this divorce action in which the defendant counterclaims for a divorce. The plaintiff made this motion for pendente lite awards of monthly maintenance of $4,610 and child support of $2,000—a total of $6,610 per month plus direct payments by him of all other expenses incurred on behalf of the children, real estate taxes on the marital residence, homeowners and car insurance.

Special Term's awards of monthly pendente lite maintenance of $1,400 and child support of $600 were inadequate to the extent indicated in light of the parties marital standard of living, the needs of the plaintiff and the children, the defendant's substantial assets, income and earning ability and evidence indicating that the plaintiff was facing prolonged discovery proceedings to obtain full financial information as to the defendant's assets and income. We particularly note that as a partner in the stock brokerage firm, the estimated amount of the defendant's partnership capital account had risen from more than $500,000 in October 1982 to more than $1,300,000 in October 1984 and there is evidence that his partnership "estimated taxable income" rose from $370,339 to $1,361,700 in the same period of time.

Our modification is not intended to influence or affect a final determination to be made by the trial court, nor should it be interpreted as a change in our general policy favoring resolution of such issues at trial rather than on appeal. The unique facts and circumstances of this case warrant the increases in the pendente lite awards, including the fact that prolonged discovery and dispute over finances is probable (see, Brody v Brody, 98 AD2d 702; Blasco v Blasco, 99 AD2d 747). Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.