■ ELINOR SALERNO, Appellant, v GEORGE SALERNO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered December 1, 1987, as denied those branches of her motion which were for temporary maintenance, temporary child support and an interim counsel fee, and which granted that branch of her motion which was for expert's fees only to the extent of awarding her $5,000.

Ordered that the order is modified by (1) deleting the provisions thereof denying those branches of the plaintiff's motion which were for temporary maintenance, temporary child support and counsel fees and substituting therefor provisions granting those branches of the plaintiff's motion to the extent of directing the defendant husband to pay to her, retroactive to the date of service of her order to show cause and supporting papers as to the instant motion, $250 per week as and for temporary maintenance, $50 per week per child for a total sum of $150 per week as and for temporary child support and $10,000 as an interim counsel fee, with leave to the plaintiff to apply for a further fee at trial should circumstances warrant; (2) adding thereto a provision directing the defendant to pay the carrying charges on the marital residence, including the mortgage, taxes, homeowner's insurance, reasonable maintenance and repairs, all utilities and telephone, and (3) adding thereto a provision directing the defen-

dant to maintain currently existing life and major medical insurance for the benefit of the plaintiff and the children; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for determination of the amount and manner of payment of retroactive maintenance against which the defendant shall be credited for amounts paid directly to the plaintiff solely for her benefit on or after she served her order to show cause and supporting papers and for determination of the amount, if any, and manner of payment of retroactive child support against which the defendant shall be credited for amounts paid directly to the plaintiff or to third parties solely for the benefit of the children on or after she served her order to show cause and supporting papers; and it is further,

Ordered that the defendant's time to pay the $10,000 interim counsel fee is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry.

The parties, who have acquired substantial assets during their 10-year marriage, continue to reside together with their three children in the marital home. The plaintiff, who ceased employment as a certified public accountant shortly after the marriage to become a homemaker, has no income or assets of her own *(cf.,* Domestic Relations Law § 236 [B] [6] [a] [1], [5], [6]). The defendant, who filed no affidavit of net worth in opposition to the plaintiff's motion *(see,* 22 NYCRR 202.16 [g]), is a successful restaurateur. Documentary evidence submitted by the plaintiff indicates that the defendant may have substantially more income than is reported on Federal and State income tax returns. The defendant claimed before the Supreme Court that prior to the plaintiff's announcement that she wanted a divorce, the plaintiff controlled the parties' finances. He further claimed that he is paying "All of the bills" and voluntarily giving the plaintiff $150 per week since the plaintiff's announcement that she wanted a divorce. The record indicates, however, that the plaintiff's car insurance and the family's major medical insurance, although ultimately reinstated, were canceled because of the defendant's nonpayment of the bills, and that bills for charges on credit cards in the plaintiff's name were overdue. The record also indicates that the defendant's "voluntary" payments to plaintiff were inconsistent.

Although it was not obligated on plaintiff's motion for temporary relief to consider the factors set forth in Domestic Relations Law § 236 (B) (6) and (7) *(see, e.g., Basch v Basch,*

114 AD2d 829; *Stern v Stern,* 106 AD2d 631), the Supreme Court's determination that its function was to fix an award which will allow the plaintiff and the children to "subsist" pending trial was erroneous *(cf., Gastineau v Gastineau,* 127 AD2d 629). We take this opportunity to note that the mere fact that the parties continue to reside in the same household after commencement of a matrimonial action does not preclude an award of temporary maintenance or temporary child support. Such awards are designed to insure that reasonable needs are met during the pendency of matrimonial litigation *(see, Cohen v Cohen,* 129 AD2d 550). Moreover, an award of temporary maintenance is generally appropriate where a party has demonstrated that he or she lacks sufficient property and income to provide for his or her reasonable needs and it does not appear that trial is imminent *(see, Stern v Stern, supra).* The award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse *(Stern v Stern, supra).*

Whether the plaintiff's needs and the needs of the children are to be timely met during what appears will be lengthy litigation should not have been left to the defendant's whim *(see, Cohen v Cohen, supra; Stern v Stern, supra; cf., Hinden v Hinden,* 122 Misc 2d 552). Under the circumstances presented here, the Supreme Court should have fixed the defendant's financial obligations. The amounts we direct the defendant to pay insure that the plaintiff and the children are provided with funds for their support and reasonable needs pending trial without jeopardizing the defendant's other financial obligations *(see, Cohen v Cohen, supra; Stern v Stern, supra).* As required by Domestic Relations Law § 236 (B) (6) and (7), the award is retroactive to the date of the plaintiff's application *(Evangelista v Evangelista,* 111 AD2d 904; *Khalily v Khalily,* 99 AD2d 482) and the defendant is entitled to appropriate credits against the retroactive amounts due *(see, Yecies v Yecies,* 108 AD2d 813; *Peltz v Peltz,* 56 AD2d 519).

The plaintiff has demonstrated that an award of counsel fees is necessary to enable her to properly proceed *(see,* Domestic Relations Law § 237). In light of the defendant's apparent income and the parties' assets, access to which was stayed as against both parties *(cf., Brody v Brody,* 98 AD2d 702), the Supreme Court improperly exercised its discretion in denying the plaintiff's motion for an interim award *(see, Flach v Flach,* 114 AD2d 929; *Ahern v Ahern,* 94 AD2d 53; *see also, Hinden v Hinden, supra).* We conclude that the amount awarded as expert's fees was adequate in light of the provision

in the order appealed from that the plaintiff has leave to seek a further award at trial. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.