■ SAMEER Y. ZAHR, Appellant, v MUNA ZAHR, Respondent. —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 12, 1988, as, *inter alia,* granted the defendant wife (1) an award of maintenance pendente lite of $7,000 per month, (2) the payment of certain household expenses, (3) an award of attorney fees, pendente lite in the sum of $15,000, and (4) an award of expert accounting fees pendente lite in the sum of $15,000.

Ordered that the order is modified by reducing the amount of temporary maintenance from $7,000 per month to $5,100 per month, and directing the plaintiff to pay household expenses in the amount of $12,041 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this divorce action have been married for approximately 18 years, and have enjoyed a lavish life-style. The defendant applied for temporary maintenance pursuant to Domestic Relations Law § 236 (B) (6) claiming that it is necessary for her to spend $16,800 to meet her monthly needs. The hearing court awarded the defendant $7,000 per month as maintenance, and directed the plaintiff to continue paying household expenses which totaled between $16,000 and $18,000 per month. The plaintiff has appealed, claiming that the award is excessive. We agree with the plaintiff and reduce the award as indicated.

It is axiomatic that the purpose of temporary maintenance is not to finally determine the property rights of the parties, but to assure that the reasonable needs of a dependent spouse are met during the pendency of a divorce proceeding *(Messina v Messina,* 101 AD2d 856). Although the standard of living previously enjoyed by the parties is a relevant consideration in assessing the reasonable needs of a temporary maintenance applicant (Domestic Relations Law § 236 [B] [6]), the predominant consideration is the applicant's actual financial need *(Van Ess v Van Ess,* 100 AD2d 848). An examination of the record in this matter and the admitted income, assets and liabilities of the parties leads us, in the exercise of our discretion, to the conclusion that the award of the hearing court is excessive to the extent indicated.

Further, a review of the instant record leads us to the conclusion that in light of the complicated nature of the plaintiff's business assets, and the parties' disparate financial situations, the pendente lite award of accountant and attorney fees was proper and not an improvident exercise of discretion *(see, Billington v Billington,* 111 AD2d 203; *Waldeck v Waldeck,* 138 AD2d 373). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.