■ HARRIET FRANKEL, Respondent, v ALEX FRANKEL, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered April 1, 1988, which granted the plaintiff wife's motion for pendente lite relief.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff wife $600 per week maintenance, pendente lite, $3,500 in interim counsel fees and $5,000 for expert fees. The Supreme Court duly considered the plaintiff's needs as well as the defendant's financial ability to provide for those needs (see, Chachkes v Chachkes, 107 AD2d 786; Stern v Stern, 106 AD2d 631; Van Ess v Van Ess, 100 AD2d 848). Moreover, as it has been frequently noted, the remedy for alleged inequities in a pendente lite award is a speedy trial, where a more detailed examination of the parties' circumstances may be conducted (see, Schlosberg v Schlosberg, 130 AD2d 735; Jorgensen v Jorgensen, 86 AD2d 861).

Further, the Supreme Court did not err in restraining the defendant, inter alia, from transferring or disposing of marital assets pendente lite since the defendant retains exclusive control over many of these assets, and his unilateral decision to transfer, sell or otherwise encumber the property may serve to deprive the plaintiff of her equitable share of it (see, Chosed v Chosed, 116 AD2d 690).

The award to the plaintiff of temporary exclusive occupancy of the marital residence was also proper (see, Judell v Judell, 128 AD2d 416; Wolfe v Wolfe, 111 AD2d 809). Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.