■ JACQUELINE L. SHARWELL, Respondent-Appellant, v WILLIAM G. SHARWELL, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 3, 1988, as granted that branch of the plaintiff wife's motion which was for an award of attorney's, accountant's and appraiser's fees pendente lite, and the plaintiff wife cross-appeals from so much of the same order as denied that branch of her motion which was for additional disclosure of defendant's financial and employment-related documents.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, the provision thereof which granted that branch of the plaintiff wife's motion which was for an award of attorney's, accountant's and appraiser's fees pendente lite is deleted, and that branch of the motion is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married on October 22, 1960, and were separated in 1977. The plaintiff commenced this action for a divorce and ancillary relief on July 29, 1981.

By notice of motion dated March 3, 1988, the plaintiff moved, inter alia, for pendente lite relief including counsel fees, accountant's fees and appraiser's fees. The plaintiff also sought further financial disclosure of the defendant and reimbursement of her costs in complying with the defendant's discovery demands.

Upon a review of the record, we find that the awards of counsel fees, accountant's fees and appraiser's fees were not warranted. The plaintiff receives about $65,000 per year from the defendant, has additional income of her own in the amount of about $46,000 per year, and has substantial liquid assets which total some $459,000. The husband presently pays the majority of the wife's living expenses as well as all taxes

with respect to his payments to her. There is no showing at this time that the plaintiff is unable to meet the cost of her counsel fees or experts' fees *(see,* Domestic Relations Law § 237 [a]; *Ahern v Ahern,* 94 AD2d 53; *Ackerman v Ackerman,* 96 AD2d 543; *Rough v Kandell,* 135 AD2d 700).

We also find that the plaintiff was not entitled to further disclosure from the defendant. It appears that the defendant fully complied with the outstanding discovery demands of the plaintiff shortly after his deposition in September 1986. No unusual or unanticipated circumstances have been shown which would warrant allowing the plaintiff additional discovery after the filing of the note of issue and certificate of readiness *(see,* 22 NYCRR 202.21 [d]). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.