■ IRWIN R. BECKER, Respondent, v THELMA S. BECKER, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 9, 1989, which, *inter alia*, (1) limited her award of support to $80 per week temporary maintenance, and (2) denied with leave to renew that branch of her motion which was for an interim award of appraisal and accountant's fees.

Ordered that the order is modified, as a matter of discretion, by deleting therefrom the provision denying with leave to renew that branch of the defendant wife's motion which was for interim appraisal and accountant's fees and substituting therefor a provision awarding her the sum of $1,500 in interim appraisal and accountant's fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in awarding the defendant wife $80 per week maintenance. The pendente lite support awarded was proper to meet the defendant wife's reasonable needs for support pending trial *(see, e.g., Zahr v Zahr,* 149 AD2d 504; *Goodson v Goodson,* 135 AD2d 604). As has been frequently noted, the remedy for alleged inequities in a pendente lite award is an expeditious trial *(see, e.g., Frankel v Frankel,* 150 AD2d 520; *Goodson v Goodson, supra).* The defendant wife's reliance upon *Purpura v Purpura* (123 AD2d 678) is misplaced, as there is no demonstration upon this record, as there was in *Purpura,* that prolonged discovery is probable.

Further, a review of the affidavit of an accountant submitted in support of the defendant wife's application for appraisal and accountant's fees was sufficiently detailed as to the assets to be evaluated, the services entailed, and the estimated time involved as to warrant an interim award *(see, Ahern v Ahern,* 94 AD2d 53). In light of the defendant's wife's present inability to pay the fees and the plaintiff husband's ability to pay them, the wife is awarded $1,500. Thompson, J. P., Brown, Eiber and Balletta, JJ., concur.