■ MARSHA HAUSMAN, Respondent, v HOWARD HAUSMAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated March 29, 1989, as granted those branches of the plaintiff wife's motion which were for $200 per week in temporary maintenance, $250 per week in temporary child support, $5,000 for pendente lite counsel fees, and $3,925 for pendente lite experts' fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the plaintiff earns income as a substitute teacher and as a part-time travel agent, neither that fact nor the fact that she owns separate property which generates a small amount of annual interest income precludes the instant awards of temporary maintenance, temporary child support and pendente lite counsel fees and experts' fees. We note, moreover, that the defendant, who controls the closely held corporation he founded during the marriage and whose admitted income is four times that of the plaintiff, makes no claim on appeal that he is unable to afford the temporary maintenance of $200 per week and temporary child support of $250 per week for the parties' two teen-age sons.

The record does not support the defendant's contention that

the Supreme Court placed undue emphasis on the parties' preseparation standard of living (cf., Zahr v Zahr, 149 AD2d 504; Van Ess v Van Ess, 100 AD2d 848). Rather, the Supreme Court arrived at an accommodation between the defendant's means and the plaintiff's needs, and the preseparation standard of living was merely one factor considered. We discern no basis for substituting our discretion for that of the Supreme Court. Similarly, there is no basis for interfering with the awards for counsel and experts' fees (cf., Zahr v Zahr, supra; see, Ahern v Ahern, 94 AD2d 53; Palmer v Palmer, 76 AD2d 905; Hinden v Hinden, 122 Misc 2d 552). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.