■ Claire A. Shapiro, Appellant, v Lawrence Shapiro, Respondent.—In an action for a divorce and ancillary relief,

the plaintiff wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 9, 1989, as granted those branches of her motion which were for temporary maintenance and temporary child support only to the extent of awarding her $1,000 per month as temporary maintenance and $500 per month as temporary child support and denied that branch of her motion which was for interim counsel fees, and (2) so much of an order of the same court entered April 26, 1989, as, upon reargument, adhered to the original determination in the order entered January 9, 1989.

Ordered that the appeal from the order entered January 9, 1989, is dismissed, as that order was superseded by the order entered April 26, 1989, made upon reargument; and it is further,

Ordered that the order entered April 26, 1989, is modified, as a matter of discretion, by (1) deleting the provision which adhered to the provisions in the order dated April 26, 1989, which granted the plaintiff temporary maintenance in the amount of $1,000 per month and temporary child support in the amount of $500 per month, and substituting therefor provisions awarding temporary maintenance in the amount of $1,500 per month and awarding the plaintiff temporary child support in the amount of $1,800 per month, and (2) deleting the provision thereof which adhered to the original determination denying that branch of the plaintiff's motion which was for interim counsel fees and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant to pay the plaintiff interim counsel fees of $5,000; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant's time to pay the $5,000 counsel fee is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff and the defendant were married in 1979 and have two daughters, both under the age of 10. During the marriage, the parties acquired approximately $100,000 in savings and securities as well as a parcel of rent-producing real estate. The defendant husband is a self-employed physical therapist who reported earned gross income of approximately $220,000 and self-employment net profits of approximately $111,000 on 1987 tax returns. This was part of a steady

increase in profits as reported on tax returns for the preceding two years. The plaintiff, a homemaker who also worked as the defendant's bookkeeper until he fired her two months before she and the children vacated the marital residence, is presently unemployed and has no independent income or assets. On her motion for interim financial and other relief, the defendant claimed that, because of competition, his income in 1988, the year this litigation was commenced, dropped to "the area" of $60,000. The Supreme Court awarded the plaintiff less than one third of that figure for temporary maintenance and the support of the two children during the pendency of this litigation. It also denied her interim counsel fees.

Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (see, Salerno v Salerno, 142 AD2d 670, 672), determined with due regard for the preseparation standard of living (cf., Zahr v Zahr, 149 AD2d 504; Van Ess v Van Ess, 100 AD2d 848). Pendente lite awards are designed to insure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody (see, Cohen v Cohen, 129 AD2d 550). Although the best remedy generally for any claimed inequity in a pendente lite award is a speedy trial (see, Cohen v Cohen, supra; see also, Basch v Basch, 114 AD2d 829), the rule is "not ironclad when the award is deficient" (Bernstein v Bernstein, 143 AD2d 168, 169).

We find that the amounts awarded by the Supreme Court as temporary maintenance and child support constituted an improvident exercise of discretion and we modify those awards to the extent indicated. We also find that an award of interim counsel fees is necessary to enable the plaintiff to properly proceed (see, Domestic Relations Law § 237; Salerno v Salerno, supra; Bernstein v Bernstein, supra). In light of the defendant's apparent income and the parties' assets, "the Supreme Court improperly exercised its discretion in denying the plaintiff's motion for an interim award" (Salerno v Salerno, supra, at 672) and we grant an award in the amount indicated. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.