■ Marie Polito, Appellant, v Frank Polito, Respondent. —In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated July 11, 1989, as granted that branch of her application which was for temporary maintenance only to the extent of awarding her $375 per week, denied her interim counsel fees, denied her request for appointment of a receiver of the defendant husband's property, and denied her sole custody of the parties' younger daughter and directed that custody he held jointly.

Ordered that so much of the appeal as seeks review of that portion of the order which denied the plaintiff sole custody of the parties' younger daughter and directed that custody be held jointly is dismissed as academic; and it is further,

Ordered that the order is otherwise modified, as a matter of discretion, by (1) increasing the plaintiff's temporary maintenance from $375 per week to $500 per week, and (2) deleting the provision thereof denying her interim counsel fees and substituting therefor a provision granting that branch of her motion to the extent of directing the defendant to pay the plaintiff interim counsel fees of $5,000; as so modified the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant's time to pay the $5,000 in counsel fees is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that plaintiff is awarded one bill of costs.

The plaintiff wife and the defendant husband were married in 1965 and have two daughters, the younger of whom turned

18 years old during the pendency of this appeal. The plaintiff has been a homemaker since the inception of the marriage. The defendant is sole shareholder of a corporation which operates a bakery, and although the defendant's reported "wages" from the bakery business are less than $25,000 per year, the parties' assets and standard of living suggest that the defendant's income is substantially in excess of that alleged by him *(cf., Basch v Basch,* 114 AD2d 829). The parties have acquired over $100,000 in savings set aside for their daughters, a parcel of rent-producing property, jewelry and art. Moreover, in 1987, a vehicle was purchased for over $20,000 in cash.

As we have repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse *(see, Shapiro v Shapiro,* 163 AD2d 294; *Salerno v Salerno,* 142 AD2d 670, 672) and are to be determined with due regard for the preseparation standard of living *(see, Salerno v Salerno, supra; cf., Zahr v Zahr,* 149 AD2d 504; *Van Ess v Van Ess,* 100 AD2d 848). Moreover, although generally the best remedy for any claimed inequity in a temporary award is a speedy trial *(see, Cohen v Cohen,* 129 AD2d 550; *see also, Basch v Basch, supra),* the rule is "not ironclad when the award is deficient" *(Bernstein v Bernstein,* 143 AD2d 168, 169).

We find the amount awarded by Supreme Court as temporary maintenance was deficient to the extent indicated. We also find that the plaintiff has demonstrated that an award of counsel fees is necessary to enable her to properly proceed *(see,* Domestic Relations Law § 237; *see also, Shapiro v Shapiro, supra; Salerno v Salerno, supra),* and we conclude that the Supreme Court improperly exercised its discretion in deferring the application to the trial court *(see, Flach v Flach,* 114 AD2d 929; *Hinden v Hinden,* 122 Misc 2d 552). We agree with Supreme Court, however, that the plaintiff failed to demonstrate that appointment of a receiver is warranted *(see,* CPLR 6401; *cf., Peters v Peters,* 127 AD2d 575; *Hildenbiddle v Hildenbiddle,* 110 AD2d 819).

Inasmuch as the parties' younger daughter is now over the age of majority, review of the temporary custody determination made by Supreme Court would be academic *(see, Reich v Reich,* 149 AD2d 676; *cf., Adamec v Adamec,* 81 AD2d 600). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.

◼ STEVEN RAYMOND, Individually and as Administrator of the Estate of MAYER RAYMOND, Deceased, et al., Respondents-