■ DEIRDRE GIANNI, Appellant-Respondent, v THOMAS GI-ANNI, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 5, 1989, which, inter alia, (1), in effect, denied that branch of her motion which was for an interim award of appraisal and accountants' fees by referring those issues to the trial court for determination, and (2) granted that branch of her motion which was for an award of interim counsel fees only to the extent of awarding her $1,000, and the defendant

husband cross-appeals from so much of same order as, *inter alia,* (1) granted those branches of the plaintiff wife's motion which were for temporary maintenance and temporary child support to the extent of awarding her $200 per week in temporary maintenance and $240 per week in temporary child support, and (2) granted that branch of her motion which was to compel him to maintain life, health, dental, and medical insurance for her benefit.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof referring that branch of the plaintiff wife's motion which was for an interim award of appraisal and accountants' fees to the trial court, and substituting therefor a provision awarding her the sum of $1,500 in interim appraisal and accountants' fees; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiff.

Upon our review of the record, we perceive no reason to substitute our discretion for that of the Supreme Court with respect to the award of temporary maintenance and child support. The pendente lite support award was not excessive when viewed in relation to the parties' respective financial circumstances, and the award reflects a proper "accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse" to provide support *(Polito v Polito,* 168 AD2d 440, 441; *Shapiro v Shapiro,* 163 AD2d 294). Moreover, as we have frequently observed, the best remedy for any claimed inequity in a temporary award is a speedy trial *(see, e.g., Polito v Polito, supra; Becker v Becker,* 157 AD2d 692; *Frankel v Frankel,* 150 AD2d 520).

We find, however, that the accountants' affidavit submitted in support of the wife's application for appraisal and accountants' fees was sufficiently detailed with respect to the assets to be evaluated, the services entailed, and the estimated time involved, to warrant an interim award *(see, Becker v Becker, supra; Ahern v Ahern,* 94 AD2d 53). Accordingly, given the financial positions of the respective parties, we conclude that an award of $1,500 in expert appraisal and accounting fees to the wife is appropriate *(see,* Domestic Relations Law § 237; *Schwartz v Schwartz,* 160 AD2d 791).

In light of the fact that a $5,000 retainer has already been paid to the wife's attorneys, we find that the Supreme Court's interim counsel fee award of $1,000 was sufficient to allow her to properly proceed in this action *(see,* Domestic Relations Law § 237).

We have considered the parties' remaining contentions and

find them to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.