In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated June 27, 1990, as awarded the plaintiff pendente lite counsel fees in the amount of $5,000.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the defendant’s contentions, we find that the award of interim counsel fees was a proper exercise of the court’s discretion. The plaintiff is a homemaker, unemployed outside the home, whose only income is interest from a trust fund established with funds she inherited from her father. The principal of the trust is approximately $110,000 and the income interest is approximately $8,000 a year. The defendant has an annual gross income of about $97,000. Thus, the plaintiff’s financial need and the parties’ disparate incomes support the award (see, Domestic Relations Law § 237 [a]; Hausman v Hausman, 162 AD2d 590). Further, we note that indigency is not a prerequisite to an award of counsel fees and a party is not required to exhaust his or her own capital in order to qualify for an interim counsel fee award (see, Hyman v Hyman, 56 AD2d 337; Hinden v Hinden, 122 Mise 2d 552). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.