■ WILLIAM A. LIEBERMAN, Appellant, v DIANE M. LIEBERMAN, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals from (1) an order of the Supreme Court, Westchester County (Emanuelli, J.), dated June 5, 1990, which, awarded the defendant interim attorneys' fees in the amount of $5,000, expert valuation fees in the amount of $2,500, and expert real estate appraisal fees in the amount of $1,000, and (2) so much of an order of the same court (Donovan, J.), entered February 5, 1991, as denied his motion for renewal.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiff husband's contentions, we find that the award of interim counsel fees was a proper exercise of discretion. The defendant wife is a sales representative, earning approximately $18,000 per year. The husband has a net annual income of about $80,000 per year from a corporation in which he holds a 50% interest. Therefore, the wife's financial need and the parties' disparate incomes support the award *(see,* Domestic Relations Law § 237 [a]; *Hausman v Hausman,* 162 AD2d 590). Although the wife owns a stock portfolio valued at approximately $11,000, we have noted that indigency is not a prerequisite to an award of counsel fees and a party is not required to exhaust his or her own capital to qualify for an interim counsel fee award *(see, Cole v Cole,* 182 AD2d 738; *Sharwell v Sharwell,* 155 AD2d 434; *Hyman v Hyman,* 56 AD2d 337). Moreover, the awards of expert fees in the amount of $1,000 and $2,500 did not constitute improvident exercises of discretion *(see,* Domestic Relations Law § 237 [a]; *Ahern v Ahern,* 94 AD2d 53).

We further find that the Supreme Court properly exercised its discretion in denying the husband's motion for renewal based upon newly-discovered facts *(see, Weiss v Flushing Natl. Bank,* 176 AD2d 797). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.