OPINION OF THE COURT
David B. Saxe, J.
The plaintiff wife moves for an order granting her additional interim counsel fees of $250,000, or in the alternative, for an order directing defendant to pay plaintiffs counsel fees as they are incurred. The defendant’s cross motion seeks an order making directions for the speedy completion of discovery, including the scheduling of the parties’ continued depositions.
This court’s pendente lite order dated December 11, 1992 awarded plaintiff the sum of $75,000, following her initial retainer of $25,000. However, counsel states that given the nature of the litigation in this case, including appeals, all the previously paid amounts have been spent and additional fees of $76,898 have accrued.
While the plaintiff currently has $170,000 under her control, given the great wealth under defendant’s control (defendant concedes $35 million at a minimum), and the parties’ standard of living prior to commencement of this action, it is not necessary that she pay over those assets and be left with nothing before the court orders defendant to pay further fees. I am also cognizant of the recommendation of the Milonas Committee that "The duration of a case would be drastically reduced if the monied spouse were compelled to pay opposing counsel’s fees at the outset of the action and at regular intervals. Forced to confront the unpleasant reality of such an obligation, a party would be much less inclined to prolong the litigation” (Report, Committee to Examine Lawyer Conduct in Matrimonial Actions, May 4, 1993, at 37).
The plaintiffs suggestion that the court direct the defendant to pay her counsel fees as they accrue cannot be granted. A litigant hiring his or her own attorney is entitled to question the provision of services which are the subject of each bill (see, 22 NYCRR 1400.2, Statement of Client’s Rights and Responsibilities). Similarly, a court’s award of counsel fees requires an exercise of discretion involving an evaluation by the court of what work is or will be necessary for the litigation. But the fee payment arrangement suggested by the *1117 plaintiff completely lacks any check upon or any means to review the need for or propriety of counsel’s claims of work performed and hours spent. Consequently, that request is denied.
However, in view of the nature of this litigation, including defendant’s retention of a team of firms as cocounsel, additional fees are in order here. Accordingly, the defendant is directed to pay plaintiff’s attorneys the sum of $75,000 within 30 days of service of a copy of this order.
As to the cross motion, defendant’s request for the production of the reports issued by plaintiff’s experts, and to depose the real estate expert, is denied, as without any basis in law (see, Flach v Flach, 114 AD2d 929 [2d Dept 1985]). Although the new matrimonial rules require exchange of experts’ reports 60 days before trial (22 NYCRR 202.16 [g]), these new rules apply only to actions commenced after November 30, 1993. Defendant may cross-examine the plaintiff’s experts at trial, but not before then.
Defendant’s request for a Special Master to supervise disclosure is granted. The court hereby appoints Kenneth D. Burrows, Esq., 425 Park Avenue, New York, N.Y. 10022, (212) 980-6922.
The Special Master shall supervise the scheduling of discovery, make discovery rulings, and shall himself determine the extent to which it is necessary for him to be present at depositions. His fee shall be paid by defendant, without prejudice to an application for reallocation at trial.