■ LIDIA FASANO-AMON, Respondent, v NICHOLAS AMON, Appellant. [613 NYS2d 186] —In an action for divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated March 31, 1992, as granted the wife's motion to the extent of enjoining him from transferring, secreting, or hypothecating any real or personal property in his name or under his control except for (1) his disability payments through United Mutual Insurance, (2) the Citibank account in which his social security payments are deposited, and (3) payments from the Kraft General Foods, Inc., retire-

ment plan, and directing him to pay certain household expenses plus pendente lite maintenance of $200 per week.

Ordered that the order is modified, on the law, by adding a provision thereto excepting the dividends and interest from the husband's Merrill Lynch cash management account from the property which the husband is enjoined from transferring, secreting, or hypothecating; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pendente lite maintenance is appropriate to enable the poorer spouse to meet his or her needs during the pendency of a matrimonial action (see, Marohn v Marohn, 157 AD2d 771). Such interim awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the payee spouse with due regard for the parties' preseparation standard of living (see, Polito v Polito, 168 AD2d 440). Pendente lite awards are subject to modification, for example, when the payor spouse is left with insufficient funds to meet his or her own reasonable expenses (see, Androvett v Androvett, 172 AD2d 792; see also, Fascaldi v Fascaldi, 186 AD2d 532) and when they are clearly deficient (see, Polito v Polito, supra).

Notwithstanding the general rule that perceived inequities resulting from a pendente lite support order are best alleviated by pursuing a speedy resolution of the divorce action (see, Katzenberg v Katzenberg, 166 AD2d 417; Basch v Basch, 114 AD2d 829; Perelman v Perelman, 110 AD2d 629), we modify the pendente lite order in this case because it results in a significant inequality in the income available to the spouses pending the final determination of the matter. Also, it has been in full force and effect since March 1992, and, therefore, the consequences of the inequality have been more than temporary. Pursuant to the order, the husband's available income after payment of all expenses and maintenance is approximately $600 compared to the wife's available income of approximately $1200. By releasing the additional Merrill Lynch dividends and interest that had been restrained, the husband will receive additional income pendente lite to enable him to meet his support obligations and to provide for his own needs.

We are satisfied that the court providently exercised its discretion in ordering the husband to pay $200 per week in pendente lite maintenance plus the housing and related expenses.

We have reviewed the husband's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.