■ JOHN OLIVER, Appellant, v PAULINE OLIVER, Respondent. (Appeal No. 1.) [615 NYS2d 951] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in awarding defendant an equitable share of plaintiff's residential property, purchased eight years after the parties separated but before plaintiff commenced this action for divorce. Defendant never lived in the home, nor did she contribute any funds or housekeeping services (see, Gross v Gross, 160 AD2d 976, 978). The court improperly took into consideration child support arrears cancelled by Family Court 10 years before plaintiff purchased the property in deciding to award defendant a share of that property. Consequently, the judgment is modified to delete the award to defendant of $14,667.

The court considered the relative financial circumstances of the parties and properly awarded attorney's fees to defendant (see, Lieberman v Lieberman, 187 AD2d 567; Linda R. v Richard E., 176 AD2d 312). The amount awarded, however, must be modified from $18,382.50 to $15,007.50 based on the stipulation of defendant's attorney in open court to a reduction in hours.

The propriety of the court's denial of plaintiff's motion to strike defendant's note of issue and statement of readiness was the subject of an earlier appeal and is not properly before us on this appeal. We have reviewed plaintiff's remaining arguments and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Nassau County, Kutner, J.—Equitable Distribution.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.