■ MARC J. FISHER, Respondent, v EDITH G. FISHER, Appellant. [617 NYS2d 458] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered May 16, 1994, which, *inter alia,* denied defendant's motion for an award of interim counsel fees in this divorce action, unanimously affirmed, without costs.

Domestic Relations Law § 237 authorizes an award of interim counsel fees to enable the other spouse to carry on or to defend the action, having regard to the circumstances of the case and of the respective parties *(Wolf v Wolf,* 160 AD2d 555, 556). While it is true that a party may be awarded interim counsel fees even when the party possesses his or her own assets *(Koerner v Koerner,* 170 AD2d 297, 298), here defendant wife has made "no showing at this time that [she] is unable to meet the cost of her counsel fees" *(Sharwell v Sharwell,* 155 AD2d 434, 435).

Defendant receives from plaintiff $1,500 per week in tax free temporary maintenance, as well as payment of "all carrying charges, taxes, interest, insurance and utilities" for the marital residence, which only she inhabits, and all "appropriate" insurance policies for her. Defendant listed in her net worth statement the amount of $220,000 in "Bank checks payable to [her]". Although the status of these funds is unclear, she does not deny that they are liquid funds. She lists no significant liabilities in her net worth statement. Plaintiff was able to show in his motion papers that defendant was financially comfortable enough to refrain from negotiating his support checks, totaling $34,000, for eight months.

Even assuming that her total life savings amount to the $220,000 figure cited, defendant's projected legal bills can easily be covered. Her lawyer submitted an affidavit stating that her total fees for this divorce case will be about $100,000, based on work already performed and on estimates of work remaining. Defendant had already paid a $25,000 retainer; the remaining estimated $75,000 will not drain her "life savings".

Should future circumstances dictate that an award of fees

would be appropriate, defendant is free to move for such relief "by one or more orders from time to time before final judgment" (Domestic Relations Law § 237 [a]). Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.