■ JEFFRY GITTER, Respondent, v ROSANNA GITTER, Appellant. [617 NYS2d 895] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Durante, J.), dated February 8, 1993, which, *inter alia,* directed that the plaintiff pay her $200 per week for pendente lite maintenance and child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as when a party is unable to meet his or her financial obligations or when justice otherwise requires it *(see, Bagner v Bagner,* 207 AD2d 367). Moreover, the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial *(see, Gianni v Gianni,* 172 AD2d 487). As this Court has repeatedly noted, pendente lite awards should be an accommodation between

the reasonable needs of the moving spouse and the financial ability of the other spouse *(see, Polito v Polito,* 168 AD2d 440; *Shapiro v Shapiro,* 163 AD2d 294), and they are to be determined with due regard for the preseparation standard of living *(see, Salerno v Salerno,* 142 AD2d 670).

Based on an assessment of the foregoing considerations, we conclude that the pendente lite order of the Supreme Court is sufficient under the circumstances of this case and should not be disturbed on appeal. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.