■ ALAN GOLD, Appellant, v SUSAN GOLD, Respondent. [622 NYS2d 113] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.) dated May 4, 1993, as directed him to pay, *inter alia,* pendente lite maintenance and child support in the combined amount of $2,000 per week and all of the carrying charges on the marital residence.

Ordered that the order is modified by reducing the amount of combined pendente lite maintenance and child support from $2,000 per week to $1,000 per week; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A speedy trial is the proper remedy to rectify inequities in an order directing the payment of temporary maintenance *(see, Messina v Messina,* 101 AD2d 856). However,. pendente lite awards may be modified to ensure that the award is an accommodation between the reasonable needs of the moving spouse and the financial ability of the nonmoving spouse *(see, Kessler v Kessler,* 195 AD2d 501). When the temporary maintenance payments are so prohibitive that the nonmoving spouse is prevented from meeting his or her own financial obligations, relief may be granted *(see, Wesler v Wesler,* 133 AD2d 627, 628).

An examination of the record is this case, including the

parties' income tax returns indicating their income, assets, and liabilities, demonstrates that the pendente lite award is excessive to the extent indicated. Because the Supreme Court directed the husband to pay child support in addition to the college tuition and room and board of the children, he was left with insufficient funds to meet his own debts and reasonable expenses *(see, Guiry v Guiry,* 159 AD2d 556; *Fasano-Amon v Amon,* 205 AD2d 493). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.