■ CARYL KASNER, Appellant, v VICTOR KASNER, Respondent. [648 NYS2d 977] —In an action for a divorce and ancillary relief, the wife appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated September 20, 1995, which, *inter alia,* directed the husband to pay her only $2,250 per month in pendente lite maintenance.

Ordered that the order is affirmed, with costs.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (*see, Beige v Beige,* 220 AD2d 636). The general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Gianni v Gianni,* 172 AD2d 487). As this Court has repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (*see, Polito v Polito,* 168 AD2d 440; *Shapiro v Shapiro,* 163 AD2d 294), and they are to be determined with regard to the pre-separation standard of living (*see, Salerno v Salerno,* 142 AD2d 670).

Based on these considerations, we conclude that the pendente lite award of the Supreme Court is proper under the circumstances of this case and should not be disturbed.

The Supreme Court properly denied that branch of the wife's motion which was to enjoin the husband from disposing of the marital assets and property. The relief sought by the wife was not supported by proof that the husband was attempting or threatening to dispose of marital assets so as to adversely affect the wife's ultimate rights in equitable distribution (*see, Stanton v Stanton,* 211 AD2d 781).

The wife's remaining contention is without merit. Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.