■ ALAN BERLLY, Appellant, v CYNTHIA BERLLY, Respondent. [655 NYS2d 989] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 14, 1996, as granted the defendant wife's motion for a pendente lite award of maintenance, child support, and counsel and expert's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(see, Raniolo v Raniolo,* 185 AD2d 974). Moreover, the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial *(see, Gianni v Gianni,* 172 AD2d 487). As this Court has repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse *(see, Polito v Polito,* 168 AD2d 440; *Shapiro v Shapiro,* 163 AD2d 294), and are to be determined with due regard for the pre-separation standard of living *(see, Salerno v Salerno,* 142 AD2d 670).

Based on an assessment of the foregoing considerations, we conclude that the pendente lite award of maintenance and child support was proper under the circumstances presented and should not be disturbed on appeal. In addition, the pendente lite awards of counsel fees and accountant's fees pursuant to Domestic Relations Law § 237 (a) (3) were proper.

The husband's remaining contentions are without merit. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.