■ In the Matter of JOHN M. JANUS, Respondent, v CAROL E. JANUS, Appellant. (And Another Related Proceeding.) [657 NYS2d 256] —Peters, J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered January 17, 1996, which, *inter alia*, granted petitioner's application, in two proceedings pursuant to Family Court Act article 6, for custody of the parties' children.

The parties are the parents of two children, Jaime (born in 1989) and John (born in 1990), who lived in Chenango County in a mobile home until their separation. Their marital difficulties began in 1992 when an accident left petitioner paralyzed from the waist down and confined to a wheelchair. When they separated in 1994, petitioner remained in the marital residence and respondent moved into a mobile home in the same trailer park. Despite the lack of a formal custodial arrangement, the children initially resided with respondent during the week and with petitioner on the weekends. Flexibility prevailed and the children often stayed with petitioner when they wished to do so.

Eventually, both parties petitioned for custody. After a fact-finding hearing where both parties were represented by counsel and a Law Guardian was present on behalf of the children, Family Court awarded joint legal custody, deeming the children's principal residence to be with petitioner. Respondent now appeals, contending that since both parents were found to display appropriate parenting capacities, petitioner's physical disability must be considered to render him less suitable. Respondent avers that she should be found to be the primary physical custodial parent due to not only his limited physical ability to properly supervise the children but also because of the presence of a welding business in a garage on his premises.

In every custody matter, the court must concern itself with the best interests of the children (*Eschbach v Eschbach*, 56 NY2d 167, 171). Upon our review, we defer to Family Court's factual findings since it had the unique opportunity to both observe the witnesses' demeanor and assess their credibility. Such findings will not be disturbed on appeal "unless they lack a sound and substantial basis in the record" (*Matter of De Losh v De Losh*, 235 AD2d 851, 853; *see*, *Matter of Hubbard v Hubbard*, 221 AD2d 807, 808; *Matter of Daniel R. v Noel R.*, 195 AD2d 704, 706). Here, we find that Family Court fully reviewed all relevant factors in assessing the home environments and relative fitness of these parties. Concerning petitioner's handicapping condition, it is clear that such condition alone cannot be grounds to deny custody to an otherwise qualified parent (*see*, *Hatz v Hatz*, 97 AD2d 629). Family Court's inquiry properly focused upon petitioner's actual and potential physical capabilities, his adaptation to his disability, his ability to supervise these children and whether his disability impaired his ability to interact with those persons providing education and medical care to them. In addition, it reviewed whether petitioner is fully able to drive an automobile, take the children to all dental and doctor visits when necessary, attend sessions at their school and attend counseling with them. Upon this record, we find that Family Court properly concluded that petitioner's physical disability had no adverse impact upon his parenting skills.

Finding the determination below supported by a sound and substantial basis in the record, we affirm.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.