■ CAROL BRODY, Appellant, v DENIS BRODY, Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated April 8, 1983, as (1) awarded her *pendente lite* maintenance of $150 per week and child support of $100 per week per child for a total of $350 per week, on the ground of inadequacy; (2) *sua sponte* restrained plaintiff from transferring any marital property, except in the ordinary course of business; (3) denied, with leave to renew, that branch of her motion which sought experts' fees; and (4) denied that branch of her motion which sought counsel fees. Order modified, on the law and the facts, by increasing the award of maintenance *pendente lite* to $350 per week, and the award of child support *pendente lite* to $150 per week per child, for a total of $650 per week, and deleting the provision restraining plaintiff from transferring marital property. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Special Term's award of maintenance and child support was inadequate in light of (1) plaintiff's and the children's weekly expenses (minus those for which defendant's payment was separately ordered), of at least $630 per week; (2) plaintiff's lack of any independent source of income; and (3) defendant's disposable income of approximately $300,000 per year, which establishes both his ability to make payments of $650 per week, and the parties' marital standard of living. Our modification is not intended to influence or affect any final determination to be made by the trial court, nor should it be interpreted as a change in our general policy favoring resolution of such issues at trial rather than on appeal. The increase herein is predicated on the facts and circumstances of this case, which indicate that prolonged discovery and dispute over the parties' finances is probable (see *Seletsky v Seletsky,* 87 AD2d 648). With

regard to Special Term's restraint of plaintiff's transfer of marital assets, such *sua sponte* stay was in violation of plaintiff's due process rights, as she was never notified that such an order was under consideration (*Liebowits v Liebowits*, 93 AD2d 535). We have considered plaintiffs' other arguments and find them to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.