■ BARBARA T. MONROE, Appellant-Respondent, v JAY MONROE, Respondent-Appellant. — In a matrimonial action, the parties cross-appeal, as limited by their notices of appeal and briefs, from (1) so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated January 6, 1984, as (a) directed plaintiff wife to deliver 23 items of personal property to defendant husband; (b) enjoined the parties from transferring marital assets pending the trial of the action; and (c) denied plaintiff's application for pendente lite child support; and (2) so much of an order of the same court dated February 16, 1984 as, upon reargument, adhered to the above determinations; and plaintiff further appeals from an order of the same court dated June 16, 1984, which denied her motion to renew her application for pendente lite child support.

Cross appeals from order dated January 6, 1984 dismissed. That order was superseded by the order dated February 16, 1984, made upon reargument.

Order dated February 16, 1984 modified, by (1) deleting the provision requiring plaintiff to deliver to defendant 23 items of personal property, and substituting therefor a provision enjoining plaintiff from transferring or alienating those items; (2) deleting the provision enjoining plaintiff from transferring or alienating marital assets, other than the aforementioned 23 items of personal property; and (3) adding the following provision: "And it is further ordered that under the preliminary injunction issued against defendant, he is allowed to buy or sell securities within his margin securities account provided that the cash or other proceeds of such transactions is maintained within the account. Cash withdrawals from the account are limited to the amount of $3,000 per month (to cover defendant's expenses) plus any amounts which he is directed to pay plaintiff for the support of his child". As so modified, order dated February 16, 1984 affirmed, insofar as appealed from. The order dated January 6, 1984 is modified accordingly.

Order dated June 16, 1984 reversed, plaintiff's application to renew her motion for child support pendente lite granted, and,

upon renewal, defendant is ordered to make payments to plaintiff in the amount of $300 per month to cover the cost of psychological treatment to be rendered to the child.

Plaintiff is awarded one bill of costs.

In matrimonial actions, Special Term has the power to issue preliminary injunctions aimed at the preservation of marital assets pending equitable distribution (*Leibowits v Leibowits,* 93 AD2d 535; Domestic Relations Law § 234). This power exists independent of CPLR article 63 and, consequently, a preliminary injunction may be issued absent a showing of irreparable harm and the likelihood of the moving party's success on the merits (*Leibowits v Leibowits, supra*). Due process requires, however, that the party so enjoined receive notice that the court will consider such a remedy. Therefore, Special Term's granting of a blanket injunction, *sua sponte,* against plaintiff's transfer of marital assets was improper (*Leibowits v Leibowits, supra; Brody v Brody,* 98 AD2d 702). In *Leibowits v Leibowits* (*supra,* p 536) we stated that such an injunction may only be issued where the enjoined spouse has had written notice from the movant that "he or she seeks possession of marital assets or a restraint on their disposition". Consequently, defendant's motion for the return of 23 items of personal property gave this notice insofar as those items were concerned. In this respect, Special Term's *sua sponte* granting of an injunction against the transfer of the 23 items was a proper exercise of discretion. This injunction removed the necessity for Special Term's directing the transfer of those items of personal property to defendant.

Moreover, the determination of which property is "separate" and which is "marital" property is an inherent part of the process leading to equitable distribution. Therefore, under the instant circumstances, the wiser course is to enjoin the transfer of the disputed property, thereby preserving it pending the final determination, rather than making a preliminary determination of the parties' rights to the possession of the property (*Leibowits v Leibowits, supra*). The blanket injunction imposed upon defendant was also unduly restrictive. The record reveals that the only substantial asset held by defendant was a brokerage account representing substantial holdings bought on margin. As such, it is a speculative and volatile investment and freezing it may ultimately harm both parties rather than preserve the asset. Consequently, defendant should be allowed to transact business within the account provided the proceeds of those transactions are maintained within the account and remain available upon the equitable distribution of the parties' property. In addition, the record reveals that defendant must

rely upon that account as the only major source of funds with which he can pay his expenses. Therefore, defendant is to be allowed to make cash withdrawals from the account in the amount of $3,000 per month to cover his expenses plus the amount we direct he pay to plaintiff for the psychological treatment of his child.

Upon this record, there exists a sufficient basis to support Special Term's original determination denying pendente lite child support. Plaintiff's motion for renewal, however, set forth "new facts" warranting a reconsideration of her application (*see, Foley v Roche,* 68 AD2d 558). Attached to her motion papers, plaintiff appended an affidavit from a psychiatrist indicating that the parties' marital problems have had an effect upon their daughter who is in need of psychological treatment. To defray the costs of psychological treatment for the child, plaintiff's application for child support pendente lite is granted to the extent that defendant is directed to make payments in the amount of $300 per month for that purpose.

In all other respects, we find that Special Term acted properly and within its discretion. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.