■ RAE D. ROSEN, Plaintiff, v MARK I. ROSEN, Respondent. CARROLL GARDENS CONSTRUCTION CORP., Intervenor-Appellant. —In an action for a divorce and ancillary relief, the intervenor Carroll Gardens Construction Corp. appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated April 8, 1986, which denied its motion for an order directing the escrow agents to release moneys held in escrow sufficient to pay and satisfy judgment creditors, with leave to renew upon completion of all pending discovery proceedings between the parties to the matrimonial action.

Ordered that the order is reversed, on the law, without costs or disbursements, the intervenor's motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings to determine the amount to be released from escrow.

The instant dispute involves the proceeds of the sale of cooperative apartments located at 124 State Street, of which the parties to the underlying matrimonial actions were the cosponsors. There is no dispute that the law firm of Harris & McGaughey is holding over $135,978.48 in escrow representing the proceeds of the sale of the apartments.

The intervenor seeks to lift a preliminary injunction previously imposed against the defendant husband with respect to the sum held in escrow to the extent of permitting the escrow agents to pay out the sum of $26,149.50 plus interest on behalf of itself and four other judgment creditors. With the exception of $1,750 owed to one creditor for the preparation of the parties' 1981 joint tax return, and a balance of $3,743.77 owed to the intervenor in relation to an unpaid storage fee, the debts owed to the subject creditors are directly related to the premises at 124 State Street.

While courts are empowered, in matrimonial actions, to

issue preliminary injunctions aimed at the preservation of marital assets pending equitable distribution (Domestic Relations Law § 234; *Monroe v Monroe,* 108 AD2d 793, 794), Special Term erred in denying the intervenor's application for the release of escrow moneys under the instant circumstances. The parties to the matrimonial proceedings would benefit from the granting of the requested relief in the sense that payment of the debts set forth would result in substantial interest savings. Assuming, arguendo, that it could be subsequently determined after trial that the subject debts were the sole liability of the defendant husband, a substantial sum would remain in the escrow from which the plaintiff wife's distributive share could be adequately satisfied. Moreover, it was improper for Special Term to link the judgment creditors' application with the willingness of the litigants, who are entangled in an acrimonious matrimonial action, to comply with discovery proceedings. Accordingly, the order appealed from is reversed and the intervenor's motion for the release of escrow moneys in an amount sufficient to satisfy the subject judgment creditors is granted. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.