■ HELENA CIACCIO, Appellant-Respondent, v JOSEPH G. CIACCIO, Respondent-Appellant.—In an action, *inter alia,* for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered October 19, 1988, as granted those branches of her motion which were for an award of temporary maintenance and child support only to the extent of awarding her the monthly sum of $2,500, and failed to allocate the award between temporary maintenance and child support, and the defendant husband cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the plaintiff's motion which were for an award of temporary maintenance and counsel fees.

Ordered that the order is modified, by allocating the monthly award of $2,500 as follows: $1,500 for temporary maintenance and $1,000 for temporary child support; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff wife.

While the plaintiff wife had sought, in relevant part, an allocated award of temporary maintenance and temporary child support, it appears that the Supreme Court awarded her an unallocated sum of $2,500, which represented the average monthly amount that the defendant husband had been voluntarily giving her for her support and the support of their child. The parties' financial circumstances as set forth in the

record do not warrant a modification of the total monthly sum awarded pendente lite by the Supreme Court. However, we find it appropriate to allocate $1,500 of the award for temporary maintenance and the remaining $1,000 for temporary child support.

There is no basis to disturb the Supreme Court's discretionary award of pendente lite counsel fees in the sum of $5,000 to the wife (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.