■ MARVIN BARASCH, Respondent-Appellant, v MARLENE BARASCH, Appellant-Respondent.—In an action for divorce and ancillary relief, (1) the defendant wife appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 26, 1989, as awarded her pendente lite maintenance in the amount of $500 per week, retroactive to January 31, 1989, awarded her interim expert fees in the amount of $2,000 and interim counsel fees in the amount of $2,000, and preliminarily enjoined her from disposing of marital property except in the ordinary course of business, and (2) the plaintiff husband cross-appeals from so much of the same order as awarded the defendant interim expert and counsel fees and granted that branch of the defendant's motion which was to preliminarily enjoin him from disposing of marital property except in the ordinary course of business.

Ordered that the order is modified, on the law and the facts and as a matter of discretion, by (1) increasing the amount of temporary maintenance awarded to the defendant to $1,000 per week, retroactive to January 31, 1989, and (2) deleting therefrom the provision preliminarily enjoining both parties from disposing of marital assets, and substituting therefor a provision denying that branch of the defendant's motion which was for a preliminary injunction; as so modified, the order is affirmed, without costs or disbursements.

Although a speedy trial is the preferred method by which to remedy any perceived inequities in a pendente lite award *(see, Schlosberg v Schlosberg,* 130 AD2d 735), this court will increase a pendente lite award which it determines to be inadequate, particularly where, as here, prolonged discovery and a dispute over finances is probable *(see, Purpura v Purpura,* 123 AD2d 678). Taking into account the lavish life-style the parties maintained prior to their separation, and their respective financial conditions, we conclude that the defendant's reasonable needs will more appropriately be met by an award of $1,000 per week in temporary maintenance, a sum which, we are satisfied, the plaintiff has the ability to pay *(see, Bernstein*

*v Bernstein,* 143 AD2d 168; *Ritter v Ritter,* 135 AD2d 421; *Stern v Stern,* 106 AD2d 631). This award shall be retroactive to January 31, 1989 *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Dooley v Dooley,* 128 AD2d 669). In this regard, we note that there is nothing in the record before this court to substantiate the defendant's claim that her application, *inter alia,* for temporary maintenance, was served upon the plaintiff on January 17, 1989.

The Supreme Court erred in enjoining both parties from disposing of any marital property, except in the ordinary course of business, during the pendency of the action. The blanket injunction issued against the defendant is violative of due process, since she received no notice that such a remedy was being considered *(see, Monroe v Monroe,* 108 AD2d 793; *Brody v Brody,* 98 AD2d 702). Although it has been held that a party's request for possession of certain marital assets may be sufficient to put the nonmoving party on notice that an injunction might be issued with respect to those assets *(see, Monroe v Monroe, supra; Leibowits v Leibowits,* 93 AD2d 535), such is not the case here. Firstly, the injunction here was not issued in response to the plaintiff's cross motion for possession of certain furnishings in the parties' Pound Ridge home, which was denied in its entirety. Instead, it was issued in the context of the defendant's own application to preliminarily enjoin the plaintiff. In any event, the plaintiff merely sought the items in question because the apartment he is occupying during the pendency of this action is allegedly sparsely furnished; he gave no indication that those particular items were of any special value to him or that he sought to possess them permanently. Thus, his cross motion was insufficient to provide the notice required by due process, and the blanket injunction issued against the defendant must be vacated.

A similar result is warranted with respect to the injunction issued against the plaintiff, albeit for a different reason. Although the record indicates that the plaintiff has used some of the parties' joint funds, his conduct has not diminished their value. In short, the defendant has failed to establish that the plaintiff committed or threatened to commit any act which would prejudice her equitable distribution claim *(see, Cohen v Cohen,* 142 AD2d 543). Thus, the issuance of a preliminary injunction was unwarranted.

The award of counsel and expert fees does not constitute an improvident exercise of discretion *(see,* Domestic Relations Law § 237 [a]; *Glass v Glass,* 138 AD2d 567; *Ahern v Ahern,* 94

AD2d 53). Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.