■ JUDITH BERKOWITZ, Appellant, v SEYMOUR BERKOWITZ, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 22, 1990, which, *inter alia,* (1) awarded her pendente lite maintenance in the amount of only $250 per week, (2) awarded her interim expert valuation fees in the amount of only $1,000 and interim expert appraisal fees in the amount of only $3,500, (3) disqualified her expert Anthony J. Benedict, on the basis of a conflict of interest with the defendant, (4) denied her request for exclusive occupancy of the marital dwelling, and (5) denied her request for all automobile-related expenses.

Ordered that the order is modified, on the law, and as a matter of discretion, by (1) increasing the amount of pendente lite maintenance awarded to the plaintiff to $500 per week and (2) deleting therefrom the provision disqualifying the plaintiff's expert Anthony J. Benedict as an expert appraiser; and as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Recognizing that a speedy trial is the preferred method by which to remedy any perceived inequities in a pendente lite award *(see, Barasch v Barasch,* 166 AD2d 399), this court will nonetheless increase a pendente lite award which it determines to be inadequate, particularly where, as here, the

defendant husband was able to, and voluntarily did, pay a greater amount before the commencement of the action *(see, Ciaccio v Ciaccio,* 162 AD2d 494). Considering the comfortable life-style the parties maintained prior to their separation, and their respective conditions, we conclude that the plaintiff's reasonable needs will more appropriately be met by an award of $500 per week in temporary maintenance, a sum which the defendant has the ability to pay *(see, Barasch v Barasch, supra; Ciaccio v Ciaccio, supra; Wong v Wong,* 161 AD2d 710).

Further, the court improvidently exercised its discretion by *sua sponte* disqualifying the plaintiff's appraiser, Anthony J. Benedict, as the record reveals that the defendant never requested his removal or challenged his expert qualifications. Instead, the defendant merely alleged that Mr. Benedict was a past, and possible future, adversary who threatened to pose a conflict of interest or appearance of impropriety if he were allowed access to the case files of the defendant's law firm. As there was no challenge to Mr. Benedict's expert qualifications, the Supreme Court erred in removing him on the basis of an alleged conflict which should be considered in the context of the disqualification of an attorney *(see, e.g., Greene v Greene,* 47 NY2d 447; *Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599). If the defendant can identify an actual conflict of interest, he can seek relief in the form of a protective order to exclude a specific case file from the expert's appraisal.

The awards of expert fees in the amount of $1,000 and $3,500 did not constitute improvident exercises of discretion *(see,* Domestic Relations Law § 237 [a]; *Ahern v Ahern,* 94 AD2d 53). Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.