■ DONALD FINK, Appellant, v MAY FINK, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated May 10, 1990, as granted those branches of the motion of the defendant wife which were for (1) pendente lite maintenance in the sum of $3,240 per month, retroactive to October 11, 1988, and (2) an injunction barring the appellant from disposing of any assets, pendente lite, except in the ordinary course of business, without the written permission of the defendant wife or order of the court.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting therefrom the provision which granted that branch of the motion which was for an injunction barring the appellant from disposing of any assets pendente lite, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, we do not find the pendente lite award of maintenance to have been an improvident exercise of discretion. The amount awarded was based upon the defendant's reasonable needs. Out of the sum awarded, the defendant was to pay for essentially all expenses, including those for the marital residence and the parties' Florida condominium. At no time has the plaintiff ever claimed that he cannot pay the award (see, Ciaccio v Ciaccio, 162 AD2d 494; Salerno v Salerno, 142 AD2d 670; Purpura v Purpura, 123 AD2d 678; Pieri v Pieri, 91 AD2d 1016). That the defendant has assets of her own which generate some income does not warrant a contrary conclusion in this case, considering the parties' respective financial situations, the defendant's ill health, and the unlikely prospect that she will ever be able to re-enter the workforce (see, Beckwith v Beckwith, 95 AD2d 943). Any perceived inequity in the award can be remedied by proceeding expeditiously to trial (see, Samuelson v Samuelson, 124 AD2d 650, 651).

However, in the absence of any evidence that the plaintiff had committed, or had threatened to commit, any act which would prejudice the defendant's right to equitable distribution, the court should not have granted an injunction pendente lite against the disposition of assets except in the ordinary course

of business *(see, Fakiris v Fakiris,* 177 AD2d 540; *Barasch v Barasch,* 166 AD2d 399; *Rogers v Rogers,* 161 AD2d 754; *Cohen v Cohen,* 142 AD2d 543). Accordingly, we have modified the order appealed from by deleting that provision and denying that branch of the defendant's motion which was for an injunction pendente lite against the disposition of assets. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.