■ KATHY GOLDSMITH, Respondent-Appellant, v HARVEY GOLDSMITH, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered May 30, 1990, which, inter alia, (1) denied that branch of his motion which was for authorization to sell a vacant condominium, (2) denied his application to compel the plaintiff wife to execute a confidentiality agreement with respect to disclosure, and (3) failed to consider his application to compel the plaintiff wife to vacate the parties' infant daughter's room, and the plaintiff cross-appeals, as limited by her brief, from stated portions of an order of the same court, which, inter alia, (1) limited her maintenance to $300 per week pendente lite and child support to $100 per week pendente lite, (2) limited her notice for

discovery and inspection and interrogatories to a period of five years prior to the commencement of the action, (3) limited inquiry into those corporations in which the defendant had less than a majority interest, (4) limited her interim counsel fees to $2,000, subject to adjustment, if appropriate, upon the equitable distribution of property, and (5) denied her request for exclusive use of the master bedroom and an automobile.

Ordered that the order is modified, by deleting the provision thereof which limited the disclosure demanded in the plaintiff's notice for discovery and inspection and her first set of interrogatories to a period of five years prior to the commencement of the action, and substituting therefor a provision permitting disclosure pursuant to the notice for discovery and inspection and the first set of interrogatories for the entire period of the marriage; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the defendant's time to comply with the notice for discovery and inspection and to answer the first set of interrogatories is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff correctly claims that she should be permitted to obtain disclosure of financial data spanning the entire marriage. Broad pretrial disclosure enabling both spouses to obtain necessary information regarding the value and nature of the marital assets is deemed critical if the trial court is to properly distribute the marital assets *(see, Kaye v Kaye,* 102 AD2d 682). Indeed, absent an unreasonable request, the entire financial history of the marriage is open for examination by either party *(see, Kaye v Kaye, supra,* at 691; Domestic Relations Law § 236 [B]). We note, however, that discovery with respect to business interests in which the defendant maintained less than a majority interest, was not improvidently restricted *(see, Fox v Fox,* 96 AD2d 571, 572).

Under the circumstances of this case, we do not find the pendente lite award of maintenance to have been an improvident exercise of discretion. Any perceived inequity in the award can be remedied by proceeding expeditiously to trial *(see, Fink v Fink,* 182 AD2d 669; *Samuelsen v Samuelsen,* 124 AD2d 650, 651).

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.