(June 12, 2001)

■ BARBARA SINGER, Appellant, v URCIL PETERS, Respondent. [726 NYS2d 97] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered May 22, 2000, which ordered plaintiff wife to sign a release to Dr. Jutta Weiss so that Dr. Weiss could furnish her notes from a session with plaintiff that took place pursuant to a "so-ordered" stipulation dated November 1, 1999, in which she and defendant agreed to at-

tend therapeutic sessions with Dr. Weiss, unanimously reversed, on the law and the facts, without costs, and the direction vacated. Order, same court and Justice, entered November 1, 2000, which, *inter alia*, held plaintiff in contempt for failing to abide by the "so-ordered" stipulation, admitted into evidence the notes and testimony of Dr. Weiss, and ordered the husband to pay $600 per month in pendente lite child support into an unspecified escrow account, unanimously modified, on the law and the facts, pendente lite child support is increased to $1,666.67, the finding of contempt is vacated, the matter remanded for further proceedings, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 18, 2000, which *inter alia*, dismissed all pending motions and ordered temporary child support to be paid in accordance with the parties' separation agreement, unanimously dismissed, without costs, as moot.

The court was correct in concluding that any communication during plaintiff Barbara Singer's session with Dr. Weiss and the notes of that session were not privileged. Plaintiff met with Dr. Weiss once pursuant to a stipulation, approved and ordered by the court, providing that she and defendant Urcil Peters agreed to participate in psychological treatment for the purpose of facilitating contact between Mr. Peters and their two children. The stipulation also provided that the court would "review the parents' participation and progress in the therapeutic process in 3 months."

The court had the right to obtain the testimony and notes of Dr. Weiss in order to determine whether Ms. Singer had participated and made any progress in the therapeutic process. The language providing that the guardian ad litem would act as a liaison between the court and Dr. Weiss does not negate the language providing the court with the right to review the parties' participation and progress. It is clear that the court would review the parties' participation and progress in three months (although the process did not last that long), but prior to that time, during the sessions, it would rely on the guardian as liaison.

In light of the stipulation, the order requiring Ms. Singer to sign the release was unnecessary.

Dr. Weiss's testimony and her notes of the session do not, however, support the conclusion that Ms. Singer intentionally failed to cooperate with her. After meeting with Ms. Singer and Mr. Peters, Dr. Weiss decided not to take the case, and instead referred them to a therapeutic institute, which she felt was more capable of handling their problems. Dr. Weiss's

refusal to take the case was not based on Ms. Singer's unwillingness to participate in the therapeutic process. Instead, it was based on Dr. Weiss's judgment that she could not help the parties. Rather than finding Ms. Singer in contempt of the so-ordered stipulation, the court should have ordered the parties to seek treatment at the therapeutic institute suggested by Dr. Weiss or with another therapist or facility.

At the conclusion of the contempt hearing, the court stated that Mr. Peters should pay pendente lite child support in accordance with the Child Support Standards Act (CSSA) guidelines. The court directed that that amount would be deposited into an escrow account. The actual amount the court ordered Mr. Peters to pay, $600 per month, however, is substantially less than the amount he would be obligated to pay under the CSSA guidelines. Based on his 1998 tax returns, that amount is $1,666.67 per month. This determination is appropriate given the inadequacy of the amount awarded, the lengthy delays in this matter, and the likelihood that the award may be in effect for a considerable period of time (see, Brody v Brody, 98 AD2d 702). The amount of child support Mr. Peters owes in arrears is to be determined by the trial court on remand. In light of the holding that Ms. Singer was not in contempt, child support payments should be paid directly to her. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.