■ ERICA WINZELBERG, Respondent, v 1319 50TH STREET RE-ALTY CORP. et al., Defendants, and FIMOR CONSTRUCTION & DEVELOPMENT CORP. et al., Appellants. (And Third-Party Actions.) [979 NYS2d 655]—

In an action, inter alia, to recover damages for negligence, the defendants Fimor Construction & Development Corp. and WCH-Fimor Construction Corp. appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated March 12, 2012, which denied their motion to disqualify the plaintiff's expert witness.

Ordered that the order is affirmed, without costs or disbursements.

The appellants failed to establish a sufficient basis for disqualifying the plaintiff's expert witness. The record demonstrated that the expert was originally and continuously retained on the plaintiff's behalf, such that no confidential relationship existed between the plaintiff's expert and any defendants in this action (*see Roundpoint v V.N.A., Inc.*, 207 AD2d 123 [1995]; *see generally Berkowitz v Berkowitz*, 176 AD2d 775 [1991]; *cf. Mancheski v Gabelli Group Capital Partners, Inc.*, 22 AD3d 532, 534 [2005]; *Matter of Walden Fed. Sav. & Loan Assn. v Village of Walden*, 212 AD2d 718, 719 [1995]). No other basis for finding a conflict of interest was presented. Accordingly, the appellants' motion to disqualify the plaintiff's expert witness was

properly denied. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.