■ WILLIAM NEBOT, Respondent, v ELAINE NEBOT, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Abrams, J.), entered May 19, 1987, as denied that branch of her motion which was for a preliminary injunction restraining the plaintiff husband from selling the marital residence.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Domestic Relations Law § 234 specifically empowers the court to determine any question as to the title or possession of property as between the parties in a matrimonial action, either in the final judgment or by one or more orders either prior to or subsequent to the final judgment, as in the court's discretion justice requires having regard to the circumstances of the case and the respective parties. In the instant case, the record belies the defendant's claim that the Supreme Court, Suffolk County, abused its discretion in refusing to enjoin the plaintiff from selling the marital residence prior to a final determination of the parties' matrimonial litigation. The court correctly determined that the subject property is primarily separate property belonging to the plaintiff, inasmuch as it was undisputed that the plaintiff paid for the house out of his own separate money which he acquired prior to the marriage upon the sale of his previous residence *(see,* Domestic Relations Law § 236 [B] [1] [c], [d]). The defendant's only claim to the proceeds of the sale of the marital residence lies in the extent to which she may have contributed in part to any appreciation in value of the property *(see, Price v Price,* 69 NY2d 8; *Nolan v Nolan,* 107 AD2d 190). In this regard, her interest has been more than adequately protected by the court's requirement that 50% of the proceeds of the sale be held in escrow pending final determination of the action.

Insofar as the defendant has failed to make any showing that the plaintiff is seeking to dispose of marital assets so as to prejudice her right to equitable distribution *(see, Guttman v Guttman,* 129 AD2d 537, *Steinberg v Steinberg,* 87 AD2d 782), there is no basis for enjoining the sale of the marital residence at this time. Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.