■ MARY L. ROGERS, Respondent, v RICHARD A. ROGERS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered March 7, 1989, as granted that branch of the plaintiff wife's motion which was to restrain him from, *inter alia,* disposing of or encumbering the parties' marital assets pendente lite.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in restraining him from disposing of or encumbering certain assets, including the marital home, which are claimed by the plaintiff to be marital property. An interim restraint on the disposition or encumbrance of property should not be imposed absent a demonstration that the party to be restrained has done, or is threatening to do, an act which would prejudice the movant's equitable distribution claim *(see, McCarthy v McCarthy,* 156 AD2d 346; *Cohen v Cohen,* 142 AD2d 543; *Nebot v Nebot,* 139 AD2d 635). However, the record herein indicates that prior to the issuance of the order appealed from, the defendant encumbered approximately $81,000 of alleged marital assets, and applied for a $200,000 second mortgage on the marital home. Under these circumstances, we agree with the Supreme Court that the plaintiff's ultimate right to equitable distribution would be prejudiced absent the restraint on the disposition or encumbrance of the alleged marital assets pendente lite *(cf., Nebot v Nebot, supra; Guttman v Guttman,* 129 AD2d 537). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.