■ Joan M. Weber, Respondent, v Donald E. Weber, Appellant.—In an action for a divorce and ancillary relief, the

defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated May 29, 1990, as granted those branches of the plaintiff wife's motion for pendente lite relief which were (1) for exclusive possession of the marital residence, (2) to compel the husband to pay the condominium charges and mortgage, and (3) to compel the husband to maintain medical and dental insurance for his wife.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Although the Supreme Court was not obligated to consider the specific factors enumerated in Domestic Relations Law § 236 (B) (5) (d) and (6) (a) in determining the wife's application for pendente lite relief, the Supreme Court should have set forth the factors considered and the reasons underlying the determination (see, LoMuscio-Hamparian v Hamparian, 137 AD2d 500). However, remittitur of the matter is not necessary, as the Appellate Division's authority in this area is as broad as that of the Supreme Court (see, e.g., LoMuscio-Hamparian v Hamparian, supra).

The parties were married on April 6, 1963, and the wife commenced the instant action in November 1989. The husband has an annual income of approximately $103,000, and the wife's annual income is approximately $20,210. The husband voluntarily moved out of the marital residence about five months before the wife commenced this action. Throughout the marriage, the husband had paid the carrying charges on the marital residence, and he voluntarily continued to do so for about seven months after he moved out. Under these circumstances, we find that it is an appropriate accommodation between the reasonable needs of the wife and the financial ability of the husband to provide for those needs, for the husband to be required to pay the condominium charges and mortgage, as well as to maintain medical and dental insurance for the wife (see, Domestic Relations Law § 236 [B] [6] [a]).

We have considered the husband's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.