■ MARGARET A. CALICCHIA, Respondent, v JOHN P. CALICCHIA, Appellant. [612 NYS2d 71] —In an action for divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated December 12, 1991, as amended by an order of the same court dated March 16, 1992, as, *inter alia,* appointed the plaintiff wife custodian of certain bank accounts held by the husband and the parties' children, and directed the husband's employer to deduct from the husband's salary each month the sum of $1,500 and to forward that sum directly to the wife.

Ordered that the order dated December 12, 1991, is modified, on the law, by deleting the second decretal paragraph thereof, and the order dated March 16, 1992, is modified, on the law, by deleting the fourth decretal paragraph thereof; as so modified, the order dated December 12, 1991, as amended by the order dated March 16, 1992, is affirmed, insofar as appealed from, without costs or disbursements.

Domestic Relations Law § 234 authorizes the issuance of preliminary injunctions in order to preserve marital assets pending equitable distribution *(see, Drazal v Drazal,* 122 AD2d 829; *Leibowits v Leibowits,* 93 AD2d 535). There is a question of fact as to what extent the funds contained in the subject bank accounts were marital property. In view of the husband's failure to comply with the court's directive that he restore the funds that he withdrew from the subject accounts shortly before the commencement of the divorce action, we find that the Supreme Court properly appointed the wife temporary custodian of these accounts.

However, the Supreme Court erred when, it directed the husband's employer, the New York Institute of Technology, to deduct from his salary and forward directly to the wife the sum of $1,500 per month, which the husband alleges is one-half of his salary.

This provision, insofar as it directs the husband to pay the wife a sum of money each month, is clearly in the nature of a *pendente lite* award. Apart from the fact that the wife never moved for *pendente lite* relief, the provision fails to specify whether the sum of $1,500 per month is for maintenance and/or child support. Moreover, there is nothing in the record to indicate how the Supreme Court arrived at this figure. It is well settled that in granting an application for a *pendente lite* award, a court must "set forth the factors it considered and the reasons underlying its determination" *(Stern v Stern,* 106 AD2d 631, 632; *Belfiglio v Belfiglio,* 99 AD2d 462; Domestic Relations Law § 236 [B] [6] [b]; [7] [b]). Finally, insofar as this provision directs the employer to deduct part of the husband's income for the wife's benefit, it does not comply with the provisions of CPLR 5241 governing income executions. Accordingly, the order has been modified to the extent indicated. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.