■ SEYMOUR FIELAND, Respondent, v ROSLYN FIELAND, Appellant. [645 NYS2d 530] —In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 17, 1995, as granted that branch of the plaintiff husband's motion which was for pendente lite maintenance in the sum of $350 per month.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the Supreme Court was not obligated to consider the specific factors enumerated in Domestic Relations Law § 236 (B) (6) in determining the husband's application for pendente lite relief, the court should have set forth the factors considered and the reasons underlying its decision to award the husband temporary maintenance *(see, Calicchia v Calicchia,* 204 AD2d 506; *Weber v Weber,* 186 AD2d 189; *LoMuscio-Hamparian v Hamparian,* 137 AD2d 500). However, remittitur

of this matter is not necessary since the Appellate Division's authority in this area is as broad as that of the Supreme Court *(see, Weber v Weber, supra; LoMuscio-Hamparian v Hamparian, supra).*

Furthermore, upon our review of the record, we find no basis to disturb the Supreme Court's determination. The purpose of pendente lite maintenance is to " 'insure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial' " *(Ferdinand v Ferdinand,* 215 AD2d 350; *Cohen v Cohen,* 129 AD2d 550). In keeping with the purpose of such relief, this Court has frequently observed that a pendente lite award should be "an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse", determined "with due regard for the preseparation standard of living" *(Byer v Byer,* 199 AD2d 298; *Beil v Beil,* 192 AD2d 498). Here, the record reveals that the husband, who is 67 years old, is retired and living on a fixed income of less than $800 per month. While the wife is also retired, her Social Security benefits are supplemented by an employment pension, and her income is more than double that of the husband's. In addition, while the affidavits contain conflicting claims regarding the wife's assets, it appears that she has a significant portfolio of stocks and bonds, and that she is able to maintain a comfortable retirement lifestyle. Under these circumstances, the proper remedy for any perceived inequity in the pendente lite order is a speedy trial, at which the rights of the parties may be more fully determined *(see, Iaquinto v Iaquinto,* 223 AD2d 581; *Forsberg v Forsberg,* 219 AD2d 615). Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.