■ HILDA MEYER, Respondent-Appellant, v MARTIN MEYER, Appellant-Respondent. [645 NYS2d 793] —Order, Supreme Court, Nassau County (Stuart Ain, J.), entered on or about October 4, 1994, which granted plaintiff's motion for a restraining order, prohibiting defendant from dissipating, encumbering, leveraging, hypothecating, transferring, pledging or otherwise disposing of marital property and order of the same court and Justice entered on or about December 21, 1994, which, *inter alia,* denied defendant's motion to modify the prior order to allow transfers in the ordinary course of business unanimously affirmed, without costs. Order of the same court and Justice entered February 8, 1995, which, *inter alia,* awarded plaintiff pendente lite maintenance of $700 per week tax free, attorneys' fees in the amount of $30,000 to be paid in three installments,

accountant's fees of $15,000, and appraisal fees of $10,000; and order of the same court and Justice entered June 28, 1995, which granted plaintiff's motion to reargue and/or renew her pendente lite application but adhered to the original determination concerning the amount of temporary maintenance, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of increasing the award of pendente lite maintenance to $1,000 per week tax free, and otherwise affirmed, without costs.

The court properly exercised its discretion in granting the restraining order in order to maintain the status quo (*Girardi v Girardi*, 140 AD2d 486), where, as here, there was documentation that defendant had encumbered and threatened to further encumber the marital property which would prejudice plaintiff's equitable distribution claim (*Rogers v Rogers*, 161 AD2d 754).

The court also properly awarded plaintiff interim counsel fees necessary to carry on the action, taking into account the circumstances of the case and respective financial positions of the parties (Domestic Relations Law § 237; *see, Ahern v Ahern*, 94 AD2d 53). Indigency is not required where, as here, there is a disparity in the parties' income (*Cole v Cole*, 182 AD2d 738). Nor is an evidentiary hearing required prior to making an interim award (*Flach v Flach*, 114 AD2d 929). Expert fees were also properly awarded upon submission of affidavits specifying the services to be rendered and cost (*Coppola v Coppola*, 129 AD2d 760, 762), where the business assets are of a complex nature (*Maratea v Maratea*, 103 AD2d 799).

Given plaintiff's prior luxurious lifestyle and the length of the marriage, the record supports the indicated increase in the award of temporary maintenance, whose purpose is to maintain the status of the parties as far as can be accurately ascertained.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Milonas, J. P., Ellerin, Wallach, Nardelli and Mazzarelli, JJ.