■ SUZANNE P. ALBANESE, Respondent, v ANTHONY R. ALBANESE, Appellant. [651 NYS2d 605] —In a matrimonial action,

the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 6, 1995, as granted the plaintiff wife maintenance and support pendente lite.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of pendente lite maintenance is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial. It is not to determine the correct ultimate distribution (*see, Fieland v Fieland*, 229 AD2d 465; *Fried v Fried*, 225 AD2d 584). A pendente lite award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living (*Fieland v Fieland, supra*). Modifications of pendente lite awards should rarely be made by an appellate court, and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (*Fried v Fried, supra*).

The record does not support the husband's claim that the temporary maintenance and child support awarded here are so prohibitive as to prevent him from meeting his own financial obligations, nor does it support the claim that the court erred in determining his annual income. The best remedy for any perceived inequities in a pendente lite award is a speedy trial where the financial circumstances of the parties can be fully explored (*Roach v Roach*, 193 AD2d 660, 661). Pizzuto, J. P., Santucci, Friedmann and Florio, JJ., concur.