■ PETER R. SHIPMAN, Respondent-Appellant, v KATHLEEN SHIPMAN, Appellant-Respondent, et al., Defendants. [655 NYS2d 962] —In an action for a divorce and ancillary relief, (1) the defendant wife appeals, as limited by her brief, (a) from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated December 19, 1994, as granted those branches of the plaintiff husband's motion which were for pendente lite maintenance and interim counsel fees, and (b) from so much of a separate order of the same court also dated December 19, 1994, as granted the plaintiff husband the exclusive use, pendente lite, of a 1988 Chevrolet Blazer and directed her to transfer title of that vehicle to the plaintiff, and (2) the plaintiff husband cross-appeals, as limited by his brief, (a) on the ground of inadequacy, from so much of the order dated December 19, 1994, as awarded him only $250 per week in pendente lite maintenance and. $5,000 in interim counsel fees, and (b) from so much of the separate order of the same court also dated December 19, 1994, as, in effect, denied that branch of his motion which was to compel the defendant to transfer to him the title to another motor vehicle.

Ordered that the orders dated December 19, 1994, are affirmed *insofar* as appealed and cross-appealed from, without costs or disbursements.

Modifications of pendente lite maintenance should rarely be

made by an appellate court and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see, Beige v Beige*, 220 AD2d 636; *Gitter v Gitter*, 208 AD2d 895). The general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Gianni v Gianni*, 172 AD2d 487). As this Court has repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (*see, Polito v Polito*, 168 AD2d 440; *Shapiro v Shapiro*, 163 AD2d 294). Based on these considerations, we conclude that the pendente lite award of the Supreme Court is proper under the circumstances of this case and should not be disturbed.

Additionally, Domestic Relations Law § 237 (a) provides that the court may direct one party to pay interim counsel fees on behalf of the other to enable the petitioning spouse to carry on or defend the action or proceeding as in the court's discretion justice requires, considering the financial circumstances of the parties together with all other circumstances of the case (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879). Under the circumstances of this case, the court did not improvidently exercise its discretion.

The parties' remaining contentions are without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.