■ LAURA ZUMMO, Respondent, v FRANK ZUMMO, Appellant. [655 NYS2d 85] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (De-Maro, J.), dated December 12, 1995, as directed him to pay pendente lite maintenance and child support in the combined amount of $350 per week.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married on November 6, 1989. The husband has a gross annual income of $107,000 with a net annual income of about $72,000. The wife makes about $250 per week, giving her a gross annual income of about $13,000. The parties have one child by this marriage. The husband left the marital home in about June 1995. Since then he has been voluntarily making the mortgage payments on the marital residence which he asserts is his separate property. Under these circumstances, it was an appropriate accommodation between the reasonable needs of the wife and the financial ability of the husband to provide for those needs as well as to provide for the support of his child, to direct him to continue making maintenance payments in the sum of $100 per week as well as child support payments in the sum of $250 per week during the pendency of this action (see, Domestic Relations Law § 236 [B] [6], [7]; see also, Weber v Weber, 186 AD2d 189).

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances (see, Albanese v Albanese, 234 AD2d 489). Under the circumstances of this case, we conclude that the pendente lite order of the Supreme Court should not be disturbed on appeal.

Furthermore, although the Supreme Court should have set forth the factors considered and the reasons underlying its determination to award pendente lite relief (see, Calicchia v Calicchia, 204 AD2d 506; Charnock v Charnock, 197 AD2d 759), remittitur of this matter is not necessary, since the Appellate Division's authority in this area is as broad as that of the Supreme Court (see, Weber v Weber, supra). Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.