■ LINDA M. BYRNE, Appellant, v LUKE BYRNE, Respondent. [660 NYS2d 35] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated April 19, 1996, as denied her application for temporary child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, Kings County, should have set forth the factors it considered in reaching its determination with respect

to temporary child support. Remittitur is not necessary, however, as the Appellate Division's authority in this area is as broad as that of the Supreme Court (see, Zummo v Zummo, 237 AD2d 436).

It is well established that an appellate court should rarely modify a pendente lite award and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (see, Beige v Beige, 220 AD2d 636). The general rule is that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see, Beige v Beige, supra). Under the circumstances of this case, including the facts that the wife failed to make any showing that the childrens' needs were not being met (see, Ragusa v Capetola, 199 AD2d 311), and that the court ordered the defendant husband to pay the mortgage, taxes, insurance, utilities, and other carrying charges for the marital residence, we conclude that modification of the court's pendente lite order is not warranted (see, O'Connor v O'Connor, 207 AD2d 334). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.