■ MARY L. SMITRESKI, Respondent, v KENNETH SMITRESKI, Appellant. [674 NYS2d 418] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated March 31, 1997, as directed him, pendente lite, to pay $833.02 per month in child support for the parties' three children, the monthly mortgage and equity loan payments, premiums to maintain health insurance for the benefit of the wife and children, 80% of the school-related expenses for the infant issue, and to provide the wife with a "suitable vehicle" for her use and to pay the "related expenses thereof".

Ordered that the order is affirmed insofar as appealed from, with costs.

In a proper exercise of its discretion, the court applied the Child Support Standards Act (Domestic Relations Law § 240) in determining a proper award on this pendente lite application (*see, e.g., Asteinza v Asteinza*, 173 AD2d 515, 516; *Rizzo v Rizzo*, 163 AD2d 15). Moreover, it took note of the "disparity in gross incomes" earned by the parties when it directed the husband to pay the mortgage and equity loans on the marital residence in addition to his basic support obligation (*see, e.g., Ryan v Ryan*, 186 AD2d 245, 247; *Chasin v Chasin*, 182 AD2d 862; *Lenigan v Lenigan*, 159 AD2d 108). Finally, the court subtracted the carrying charges on the marital residence from the husband's gross income before applying the statutory

formula to arrive at his proper measure of child support (*see, e.g., Krantz v Krantz,* 175 AD2d 865; *see also, Ryan v Ryan, supra;* Domestic Relations Law § 240 [1-b] [b] [3] [ii]).

The husband has not demonstrated that the pendente lite award complained of has left him unable to meet his own financial obligations (*cf., e.g., Young v Young,* 245 AD2d 560; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354). Rather, the court's assessment represents an adequate accommodation between the reasonable needs of both parties (*see, e.g., Ryan v Ryan, supra; Polito v Polito,* 168 AD2d 440; *Shapiro v Shapiro,* 163 AD2d 294). Any inequities perceived by the husband can best be remedied by a speedy trial (*see, e.g., Wallach v Wallach,* 236 AD2d 604; *Beige v Beige,* 220 AD2d 636).

The husband's remaining contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.