■ Aziza M. Rizk, Respondent, v Medhat Rizk, Appellant. [678 NYS2d 769] —In an action for a divorce and ancillary relief,

the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 15, 1997, as (1) granted the plaintiff's motion for pendente lite relief to the extent of directing him (a) to pay temporary maintenance in the amount of $1,000 per month, (b) to pay retroactive temporary maintenance in the amount of $250 per month, (c) to provide medical and health insurance coverage for the plaintiff pending determination of the action, (d) to pay counsel fees in the amount of $5,000 to the plaintiff's former attorneys, and (e) to pay interim counsel fees in the amount of $2,000 to the plaintiff's current attorneys, and (2) denied his cross motion for the entry of three judgments in his favor and against the plaintiff.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appropriate remedy for any perceived inequity in a pendente lite award is a prompt trial (*see, Byrne v Byrne,* 240 AD2d 689; *Shipman v Shipman,* 237 AD2d 426). The plaintiff established that she has only meager income and assets. She further submitted documentary evidence indicating that the defendant had possession and control of substantial marital assets, the disposition of which he failed to adequately explain and substantiate. Accordingly, under the circumstances presented, the challenged pendente lite order constitutes an appropriate accommodation between the reasonable needs of the plaintiff and the apparent financial ability of the defendant (*see, Shipman v Shipman, supra*).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.