■ DOROTHY M. DISANTO, Respondent, v FRANK J. DISANTO, Appellant. [720 NYS2d 160] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated November 16, 1999, as, upon renewal, adhered to so much of an order of the same court dated June 8, 1999, granting that branch of the motion of the plaintiff wife which was for interim counsel fees in the sum of $10,000, and expert fees in the sum of $15,000, and directed him to deposit into escrow the proceeds from the sale of any real property pending further order of the court.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Domestic Relations Law § 237 (a) (5) gives the court the discretion to direct the payment of counsel fees and expenses "as justice requires, having regard to the circumstances of the case and of the respective parties." Upon renewal, the court appropriately reduced its awards to the plaintiff upon the defendant's showing that she failed to disclose the true extent of her net worth. Contrary to the husband's contentions, in light, *inter alia*, of his vastly greater wealth and the valuation issues to be determined, the court properly denied so much of his application as sought to eliminate the entire award (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Charpie v Charpie,* 271 AD2d 169; *Celauro v Celauro,* 257 AD2d 588; *Piali v Piali,* 247 AD2d 455; *Lieberman v Lieberman,* 187 AD2d 567). Moreover, the court providently exercised its discretion in directing him to deposit into escrow the proceeds from the sale of any real property pending further order of the court, to protect the plaintiff's right to equitable distribution (*see, Zaharopoulos v Zaharopoulos,* 262 AD2d 312; *Meyer v Meyer,* 229 AD2d 354; *Rogers v Rogers,* 161 AD2d 754; *Guttman v Guttman,* 129 AD2d 537). Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.