◾ JAMES E. McDERMOTT, Appellant, v LINDA I. McDERMOTT, Respondent. [771 NYS2d 692]—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 22, 2002, as denied his motion for pendente lite relief.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appropriate remedy for any perceived inequity in a pendente lite award is a prompt trial (see Rizk v Rizk, 254 AD2d 403, 404 [1998]; Byrne v Byrne, 240 AD2d 689 [1997]; Shipman v Shipman, 237 AD2d 426 [1997]). The defendant wife established that she has only meager income and assets. She further submitted evidence indicating that the defendant husband has possession and control of substantial marital assets, the disposition of which he failed to adequately explain and substantiate.

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.

◾ IRENE A. McGRATH, Formerly Known as IRENE PARKER, Appellant, v MICHAEL L. PARKER et al., Respondents. [771 NYS2d 691]—

In an action, inter alia, to set aside a separation agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 30, 2002, which, among other things, granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A party seeking to set aside a separation agreement which is fair on its face must prove fraud, duress, overreaching, or that the agreement is unconscionable (see Wilson v Neppell, 253 AD2d 493, 494 [1998]). Here, the defendants established their entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiff submitted affidavits that were conclusory, vague, and contradicted by documentary evidence. Such conclusory allegations are insufficient to raise an issue of fact, precluding summary judgment (see Davidoff v Davidoff, 93 AD2d 805 [1983]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (see Davidoff v Davidoff, supra).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.