■ ELLEN OQUENDO, Respondent, v WILFREDO OQUENDO, Appellant. [776 NYS2d 505]—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Woodard, J.), dated December 18, 2002, which, inter alia, directed him to pay to the plaintiff the sum of $200 per week as pendente lite child support and $1,500 per month toward the carrying charges on the marital residence. The appeal brings up for review so much of an order of the same court, dated July 2, 2003, as, upon reargument, reduced the award of pendente lite child support to $168 per week and otherwise adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated December 18, 2002, is dismissed, as the order was superseded by the order dated July 2, 2003, made upon reargument; and it is further,

Ordered that the order dated July 2, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"Modifications of pendente lite maintenance and child support should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires" (*Chauca v Chauca,* 5 AD3d 421, 421-422 [2004]; *Verderame v Verderame,* 247 AD2d 609 [1998]; *see Aliano v Aliano,* 285 AD2d 522 [2001]; *Smitreski v Smitreski,* 251 AD2d 490 [1998]). The husband did not demonstrate that the pendente lite award left him unable to meet his own financial obligations (*see Chauca v Chauca, supra; Aliano v Aliano, supra*). The Supreme Court's assessment represents an adequate accommodation between the reasonable needs of both parties (*see Aliano v Aliano, supra; Smitreski v Smitreski, supra*). Any inequities perceived by the husband can best be remedied by a speedy trial (*see Chauca v Chauca, supra; Aliano v Aliano, supra; Verderame v Verderame, supra*). Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.