■ Diana Zheng, Respondent-Appellant, v Calvin Pan, Appellant-Respondent. [803 NYS2d 446]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated June 10, 2004, as directed him to pay the plaintiff the sums of $750 per month as pendente lite maintenance, $3,745 per month as pendente lite child support, and $10,000 as an interim attorney's fee, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c] [3]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Modifications of pendente lite maintenance and child support should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires" (*Oquendo v Oquendo,* 7 AD3d 687, 688 [2004]; *see Chauca v Chauca,* 5 AD3d 421, 421-422 [2004]; *Verderame v Verderame,* 247 AD2d 609 [1998]). The defendant did not demonstrate that the pendente lite award left him unable to meet his own financial obligations (*see Chauca v Chauca, supra*; *Aliano v Aliano,* 285 AD2d 522 [2001]). The pendente lite award represents an adequate accommodation between the reasonable needs of both parties (*see Oquendo v Oquendo, supra*; *Aliano v Aliano, supra*). Any inequities perceived by the defendant can best be remedied by a speedy trial (*see Oquendo v Oquendo, supra*; *Verderame v Verderame, supra*).

In light of the parties' disparate economic circumstances, the award of an interim attorney's fee to the plaintiff was a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *Macagnone v Macagnone,* 7 AD3d 680 [2004]; *DeVerna v DeVerna,* 4 AD3d 323 [2004]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.