(June 19, 2007)

■ Anthony A. Barone, Jr., Appellant, v Anastasia Barone, Respondent. [839 NYS2d 161]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated December 20, 2005, as granted that branch of the defendant's cross motion which was for pendente lite maintenance and determined that the defendant would be entitled to the sum of $2,000 per month in child support in the event that she is awarded custody of the subject children.

Ordered that the appeal from so much of the order as determined that the defendant would be entitled to the sum of $2,000 per month in child support in the event that she is awarded custody is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *see also Davidson-Sakuma v Sakuma*, 280 AD2d 577 [2001]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circum-

stances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (*see Zheng v Pan*, 23 AD3d 378, 379 [2005]; *Aliano v Aliano*, 285 AD2d 522 [2001]; *Piali v Piali*, 247 AD2d 455, 456 [1998]; *cf. Fruchter v Fruchter*, 29 AD3d 942 [2006]). Moreover, the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see Aliano v Aliano, supra; Piali v Piali, supra; Berlly v Berlly*, 237 AD2d 553, 553-554 [1997]). As this Court has repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, and are to be determined with due regard for the pre-separation standard of living (*see Iannone v Iannone*, 31 AD3d 713 [2006]; *Piali v Piali, supra; Berlly v Berlly, supra; Fieland v Fieland*, 229 AD2d 465, 465-466 [1996]). Based on an assessment of the foregoing considerations, the pendente lite award of maintenance was proper and should not be disturbed on appeal. Contrary to the plaintiff's contentions, the fact that he is currently incarcerated and has insufficient income to meet the pendente lite maintenance obligation does not dictate a contrary conclusion (*see Matter of Grettler v Grettler*, 12 AD3d 602, 603 [2004]; *Frasca v Frasca*, 213 AD2d 589, 590 [1995]; *Romanous v Romanous*, 181 AD2d 872, 873 [1992]).

Furthermore, although the Supreme Court should have set forth the factors considered and the reasons underlying its determination to award pendente lite relief (*see Zummo v Zummo*, 237 AD2d 436 [1997]; *Fieland v Fieland, supra; Calicchia v Calicchia*, 204 AD2d 506, 507 [1994]), remittitur of this matter is not necessary since the Appellate Division's authority in this area is as broad as that of the Supreme Court (*see Byrne v Byrne*, 240 AD2d 689, 689-690 [1997]; *Zummo v Zummo, supra; Fieland v Fieland, supra; Frankenbach v Frankenbach*, 244 AD2d 524, 525 [1997]; *Weber v Weber*, 186 AD2d 189, 190 [1992]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.