■ DOREEN E. SINANIS, Respondent, v SPIRO SINANIS, Appellant. (And Another Action.) [888 NYS2d 606]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his notice of appeal and his brief, from stated portions of an order of the Supreme Court, Westchester County (Tolbert, J.), entered November 14, 2008, which, inter alia, granted that branch of his motion which was for a downward modification of pendente lite child support only to the extent of reducing his support obligation from $1,200 per week to $700 per week retroactive to September 1, 2008, and directed him to pay the plaintiff's attorneys an interim counsel fee in the sum of $10,000, and (2) from stated portions of an order of the same court entered March 5, 2009, which, inter alia, upon reargument, adhered to the prior determination granting that branch of his motion which was for a downward modification of pendente lite child support only to the extent of reducing his support obligation from $1,200 per week to $700 per week, retroactive to September 1, 2008, and directing him to pay the plaintiff's attorneys interim counsel fees in the sums of $10,000 and $15,000, and directed him to deposit marital funds in the sum of $139,000 in escrow.

Ordered that the appeal from the order entered November 14, 2008, is dismissed, as the portions of that order appealed from were superseded by the order entered March 5, 2009, made upon reargument; and it is further,

Ordered that the order entered March 5, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant seeks further modification of his pendente lite child support obligation, which the Supreme Court reduced

from the sum of $1,200 per week to the sum of $700 per week. However, "[m]odifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Barone v Barone*, 41 AD3d 623, 623-624 [2007]; *see McGarrity v McGarrity*, 49 AD3d 824, 825 [2008]; *Zheng v Pan*, 23 AD3d 378, 379 [2005]). Here, the record indicates that in addition to his salary of approximately $187,000 per year, the defendant has sufficient resources available to pay child support in the sum of $700 per week as well as the carrying charges for the marital residence in accordance with the modified pendente lite order, and he has not demonstrated that such payments will leave him unable to meet his own financial obligations (*see Ruane v Ruane*, 55 AD3d 586, 588 [2008]; *Krigsman v Krigsman*, 288 AD2d 189, 191 [2001]; *see also Zheng v Pan*, 23 AD3d at 379). Accordingly, any perceived inequities in the pendente lite award can be best remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Swickle v Swickle*, 47 AD3d 704, 705 [2008]; *Stubbs v Stubbs*, 41 AD3d 832, 833; *Barone v Barone*, 41 AD3d at 624).

Contrary to the defendant's contention, the court properly made the downward modification of his pendente lite child support retroactive only to the approximate date upon which his application for a downward modification was made (*see Rosenberg v Rosenberg*, 215 AD2d 365, 366 [1995]), rather than from the date upon which the plaintiff's initial application for pendente lite child support was made. "While a party in a matrimonial action may request the downward modification of a temporary child support award when that party can demonstrate financial hardship, such a downward modification may operate only prospectively" (*Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]; *see Shapiro v Shapiro*, 35 AD3d 585, 587 [2006]; *Petek v Petek*, 239 AD2d 327, 328 [1997]).

In view of the disparity in the parties' financial circumstances, the court properly directed the defendant to pay interim counsel fees totaling $25,000 (*see Lauria v Usak-Lauria*, 65 AD3d 1017 [2009]; *Mueller v Mueller*, 61 AD3d 652, 654 [2009]; *Mbanefo v Mbanefo*, 60 AD3d 648, 649 [2009]; *Stubbs v Stubbs*, 41 AD3d at 833). Furthermore, under the circumstances of this case, the court properly directed that payment of interim counsel fees be made from either the defendant's income or separate property.

Finally, the court providently exercised its discretion in directing the defendant to deposit marital funds in the sum of $139,000 in escrow to protect the plaintiff's right to equitable

distribution (*see DiSanto v DiSanto*, 279 AD2d 603 [2001]). Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.