■ CHERYL A. ISAACS, Respondent, v MARK P. ISAACS, Appellant. [897 NYS2d 227]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), entered April 22, 2009, as, without a hearing, inter alia, denied those branches of his motion which were for a downward modification of the pendente lite maintenance and child support obligations set forth in an order of the same court dated October 16, 2008.

Ordered that the order entered April 22, 2009, is affirmed insofar as appealed from, without costs or disbursements.

The defendant husband appeals from so much of the Supreme Court's order as denied those branches of his motion which were for a downward modification of his pendente lite child support and maintenance obligations. Contrary to the defendant's contentions, the Supreme Court properly denied his motion. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Barone v Barone*, 41 AD3d 623, 623-624 [2007]; *see Sinanis v Sinanis*, 67 AD3d 773 [2009]). Here, although the defendant alleged an inability to pay the Ordered support and maintenance, he failed to submit evidence sufficient to establish his income or demonstrate the existence of exigent circumstances (*see Barone v Barone*, 41 AD3d at 624). Under the circumstances, "any perceived inequities in the pendente lite award can be best

remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Sinanis v Sinanis*, 67 AD3d at 774; *see Swickle v Swickle*, 47 AD3d 704, 705 [2008]; *Balkin v Balkin*, 8 AD3d 416 [2004]; *Gold v Gold*, 212 AD2d 503 [1995]).

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.