■ Lynne Ann Many, Appellant, v John Scott Many, Respondent. [925 NYS2d 87]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated April 16, 2010, as, upon denying that branch of her motion for pendente lite relief which was to restrain the defendant husband from encumbering the marital residence, in effect, authorized the defendant to refinance the equity in the marital residence and to use any funds obtained therefrom for the sole purpose of paying his pendente lite maintenance obligation and directed the defendant to pay arrears for his pendente lite maintenance obligation retroactive to only February 1, 2010, and awarded her an attorney's fee in the sum of only $15,000.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, in effect, authorized the defendant to refinance the equity in the marital residence and to use any funds obtained therefrom for the sole purpose of paying his pendente lite maintenance obligation is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing the defendant to pay pendente lite maintenance arrears retroactive to February 1, 2010, and substituting therefor a provision directing the defendant to pay pendente lite maintenance arrears retroactive to June 13, 2009; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff wife's contention, the Supreme Court did not improvidently exercise its discretion in failing to restrain the defendant husband from encumbering the marital

residence. "An interim restraint on the disposition or encumbrance of property should not be imposed absent a demonstration that the party to be restrained has done, or is threatening to do, an act which would prejudice the movant's equitable distribution claim" (*Rogers v Rogers*, 161 AD2d 754 [1990]; *see Sinanis v Sinanis*, 67 AD3d 773, 775 [2009]; *DiSanto v DiSanto*, 279 AD2d 603 [2001]; *Meyer v Meyer*, 229 AD2d 354, 355 [1996]; *Guttman v Guttman*, 129 AD2d 537, 539 [1987]). Here, no evidence indicates that the defendant had done, or was threatening to do, an act that would threaten the plaintiff's equitable distribution claim. We note that while the plaintiff may be entitled to an equitable share of the value of the marital residence, that issue has yet to be adjudicated. At a later date, the Supreme Court will be able to ensure that the plaintiff is reimbursed for her equitable share of any funds used by the defendant as a result of the sale or refinancing of the marital residence to meet his pendente lite maintenance obligation (*see generally Prichep v Prichep*, 52 AD3d 61 [2008]; *Ciampa v Ciampa*, 47 AD3d 745 [2008]).

A party's maintenance obligations are retroactive to the date the application first for such relief was made (*see* Domestic Relations Law § 236 [B] [6] [a]; *Higgins v Higgins*, 50 AD3d 852, 854 [2008]; *Schiffer v Schiffer*, 21 AD3d 889, 890 [2005]). Inasmuch as the plaintiff first sought an award of pendente lite maintenance by her order to show cause dated June 13, 2009, the Supreme Court should have set June 13, 2009, as the date from which to calculate the defendant's arrears (*see* Domestic Relations Law § 236 [B] [6] [a]; *Higgins v Higgins*, 50 AD3d at 854; *Schiffer v Schiffer*, 21 AD3d at 890).

"In a matrimonial action, an award of an attorney's fee should be based, inter alia, on the relative financial circumstances of the parties and the relative merit of their positions" (*Ciociano v Ciociano*, 54 AD3d 797, 797 [2008]; *see* Domestic Relations Law § 237 [a]). "An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d at 65). Courts "should normally exercise their discretion to grant such a request made by the nonmonied spouse" (*id.*). Here, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff an attorney's fee in the sum of only $15,000. Covello, J.P., Lott, Roman and Miller, JJ., concur.