Glavan v Glavan (2025 NY Slip Op 06049)

Glavan v Glavan

2025 NY Slip Op 06049

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-00251 
2024-02031
 (Index No. 801512/23)

[*1]Alen Glavan, appellant,
v
Mariana Zurak Glavan, respondent.

Gildin and Chapman, Mineola, NY (Steven Gildin of counsel), for appellant.
Susan Chana Lask, New York, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from two orders of the Supreme Court, Nassau County (Elizabeth Fox-McDonough, J.), both dated December 15, 2023. The first order (1) granted that branch of the defendant's motion which was for an award of interim counsel fees to the extent of directing the plaintiff to pay the sum of $2,500 in interim counsel fees, and (2) granted those branches of the defendant's motion which were for pendente lite relief directing the plaintiff to pay the rent due on the marital residence for certain months to the extent of directing the plaintiff to pay for one-half of the rent due on the marital residence. The second order granted the plaintiff's motion for pendente lite child support only to the extent of directing the defendant to pay pendente lite child support in the sum of $916.88 per month and retroactive pendente lite child support in the sum of $200 per month.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties were married in 2011 and have two children. In July 2023, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the defendant moved for an award of interim counsel fees and for pendente lite relief directing the plaintiff to pay the rent due on the marital residence for certain months. The plaintiff, who was awarded temporary residential custody of the parties' children, moved for pendente lite child support. In an order dated December 15, 2023, the Supreme Court granted that branch of the defendant's motion which was for an award of interim counsel fees to the extent of directing the plaintiff to pay the sum of $2,500 in interim counsel fees and granted those branches of the defendant's motion which were for pendente lite relief directing the plaintiff to pay the rent due on the marital residence for certain months to the extent of directing the plaintiff to pay for one-half of the rent due on the marital residence. In a second order also dated December 15, 2023, the court granted the plaintiff's motion for pendente lite child support to the extent of directing the defendant to pay pendente lite child support in the sum of $916.88 per month and retroactive pendente lite child support in the sum of $200 per month. The plaintiff appeals from both orders.
"'Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires'" (Davidoff v Davidoff, 209 AD3d 835, 835, quoting Barone v Barone, 41 AD3d 623, 623-624). "'Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties' financial [*2]circumstances can be fully explored'" (id., quoting Hof v Hof, 131 AD3d 579, 581).
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion by imputing income to the defendant for purposes of calculating pendente lite child support in the sum of only $26,000 per year, as the record was insufficient to support imputing a greater income to the defendant (see Levi v Levi, 186 AD3d 1628, 1629; Strohli v Strohli, 174 AD3d 938, 942). Moreover, the plaintiff failed to sufficiently demonstrate the existence of exigent circumstances warranting a modification of the pendente lite child support award made by the court (see Gonzalez-Furtado v Furtado, 221 AD3d 975, 977; Davidoff v Davidoff, 209 AD3d at 835).
Further, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion by directing the plaintiff to pay interim counsel fees in the sum of $2,500. "An award of interim counsel fees is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Caputo v Caputo, 152 AD3d 643, 645; see Domestic Relations Law § 237[a]). Here, the record supports the court's determination that the defendant is the less monied spouse, and the court had a sufficient basis for the award of interim counsel fees (see Gonzalez-Furtado v Furtado, 221 AD3d at 977; Skokos v Skokos, 168 AD3d 782, 783).
We decline the defendant's request to impose sanctions against the plaintiff for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The parties' remaining contentions are without merit.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court